STATE OF NORTH CAROLINA v. COREY McKINLEY FUNCHESS, Defendant

No. COA99-1299

(Filed 29 December 2000)

**1. Motor Vehicles— felonious speeding to elude arrest—jury instructions not plain error**

The trial court did not commit plain error by its instruction to the jury on felonious speeding to elude arrest under N.C.G.S. § 20-141.5, because: (1) the trial court properly charged the jury with the language of the pattern jury instruction that it had to find at least two of the three aggravating factors set out in the bill of indictment were present in order to convict defendant of felonious speeding to elude arrest, N.C.P.I., Crim. 270.54A; and (2) the statutory factors are merely alternative ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony.

**2. Motor Vehicles— felonious speeding to elude arrest—not required to prove all three aggravating factors listed in conjunctive in indictment**

The State was not required to prove all three aggravating factors listed in the conjunctive in the indictment were present in order to obtain a conviction for felonious speeding to elude arrest under N.C.G.S. § 20-141.5(b), because the statute only required proof of two or more of the factors.

**3. Motor Vehicles— felonious speeding to elude arrest— instructing on elements of driving with a revoked license**

The trial court was not required to charge the jury on defendant's knowledge of revocation of his driver's license, even though it was one of the three named aggravating factors that led to defendant's conviction for felonious speeding to elude arrest under N.C.G.S. § 20-141.5(b)(5), because: (1) a trooper's testimony revealed that defendant received notice of revocation of his driving privilege at his home on 2 February 1998; (2) defendant did not contest in any way his awareness that his driver's license was revoked, nor did he object to the officer's testimony in that regard; (3) the State's evidence tended to show that it complied with the provisions for giving notice of revocation or suspension of a driver's license under N.C.G.S. § 20-48; and (4) it is not necessary for the trial court to charge on guilty knowledge where there is no evidence that defendant did not receive the notice mailed by the Department of Motor Vehicles.

Appeal by defendant from judgment entered 18 May 1999 by Judge Charles C. Lamm, Jr., in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 September 2000.

In the early morning hours of 21 March 1998, Corey McKinley Funchess (defendant) was driving his 1982 Datsun on U.S. 74 in Mecklenburg County, North Carolina. N.C. State Highway Patrol Trooper T. J. Miles noticed that the Datsun did not have a license plate, and began to follow it. Trooper Miles activated his blue lights, hazard lights, and flashing blue lights in an effort to get the Datsun to stop. Defendant responded by accelerating rapidly.

When defendant's vehicle finally came to a stop, defendant jumped out of the car and attempted to flee on foot, but Trooper Miles was able to apprehend him after a brief chase. Shortly there-

STATE v. FUNCHESS

[141 N.C. App. 302 (2000)]

after, defendant attempted to flee a second time but Trooper Miles again apprehended him. During the struggle to take defendant into custody, Trooper Miles suffered minor injuries to his elbow and knees. In addition, his uniform and shoes had to be replaced, his radio had to be repaired, and his gun was damaged.

After Trooper Miles handcuffed defendant, the trooper searched the Datsun and found marijuana. He also smelled the odor of marijuana on defendant's person and formed the opinion that defendant was physically and mentally impaired. Trooper Miles advised defendant of his *Miranda* rights and asked him to take a blood test, but defendant refused to have his blood drawn for testing. Defendant and Trooper Miles were then taken to Carolinas Medical Center because they were both bleeding from their earlier struggle.

Defendant was tried at the 17 May 1999 Session of Mecklenburg County Superior Court on charges of felonious speeding to elude arrest, driving while impaired, two counts of resisting arrest by a public officer, and damage to personal property. Defendant elected to represent himself on the charges, and the trial court appointed an Assistant Public Defender as standby counsel. The trial court dismissed the charge of damage to property, and the jury convicted defendant on the remaining charges. The trial court imposed an active sentence of 10 to 12 months' imprisonment and defendant appealed.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Haakon Thorsen for defendant appellant.*

HORTON, Judge.

Defendant argues that the trial court committed plain error in its jury instructions. Specifically, defendant contends that the instructions allowed the jury to convict him by less than a unanimous verdict; permitted him to be convicted of felonious speeding to elude arrest without requiring proof of all the elements of that crime; and failed to define an essential element of the crime, thereby allowing "speculation" as to what satisfied that element. We disagree with each of defendant's arguments, and affirm his conviction.

Defendant did not object to the jury instructions at trial, nor did he submit proposed instructions to the trial court. Rule 10(b)(2) of our Rules of Appellate Procedure provides that

[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

N.C.R. App. P. 10(b)(2) (2000).

Thus, defendant has not preserved any of the assigned errors unless he can obtain the benefit of the "plain error" doctrine. Under that doctrine, an appellate court may review errors which affect substantial rights despite a defendant's failure to bring the error to the attention of the trial court, provided defendant can show that the error asserted is "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied by Bagley v. North Carolina*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988). Therefore, for each of the three errors urged by defendant, we must first determine whether the trial court's jury instructions were erroneous. If error be found, we must then determine whether it rises to the level of plain error.

## I. Lack of a Unanimous Verdict

**[1]** This appeal requires us to construe for the first time the amendment to N.C. Gen. Stat. § 20-141.5, which created the offense of felonious speeding to elude arrest. As amended, N.C. Gen. Stat. § 20-141.5 (1999) provides that:

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

(2) Gross impairment of the person's faculties while driving due to:

    a. Consumption of an impairing substance; or

    b. A blood alcohol concentration of 0.14 or more within a relevant time after the driving.

(3) Reckless driving as proscribed by G.S. 20-140.

(4) Negligent driving leading to an accident causing:

    a. Property damage in excess of one thousand dollars ($1,000); or

    b. Personal injury.

(5) Driving when the person's drivers license is revoked.

(6) Driving in excess of the posted speed limit, during the days and hours when the posted limit is in effect, on school property or in an area designated as a school zone pursuant to G.S. 20-141.1, or in a highway work zone as defined in G.S. 20-141(j2).

(7) Passing a stopped school bus as proscribed by G.S. 20-217.

(8) Driving with a child under 12 years of age in the vehicle.

Defendant's indictment for felonious speeding to elude arrest alleged that "[a]t the time of the violation, the defendant was speeding in excess of fifteen (15) miles per hour over the legal speed limit, the defendant was driving recklessly in violation of G.S. 20-140, and the defendant was driving while the defendant's driver's license was revoked." Thus, the indictment alleges the presence of statutory factors (1), (3), and (5), three of the aggravating factors set out in N.C. Gen. Stat. § 20-141.5(b).

The trial court charged the jury in this case that

the State must prove beyond a reasonable doubt that two or more of the following factors are present at [the time of speeding to elude arrest]: one, speeding in excess of fifteen miles per hour over the legal speed limit; two, reckless driving, which consist[s] of driving a motor vehicle without due caution and circumspection, and in a manner so as to endanger or is likely to endanger

any person or property; or, three, driving while driver's license is revoked.

Thus, the trial court properly charged the jury, using the language of the pattern jury instruction, that it had to find that at least two of the three aggravating factors set out in the bill of indictment were present in order to convict defendant of felonious speeding to elude arrest. N.C.P.I., Crim. 270.54A (1998). Defendant argues, however, that the trial court erred in failing to instruct the jury that its members must unanimously agree on the same two factors, and that the trial court's failure to do so was plain error.

Article I, § 24 of the North Carolina Constitution states that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. See also N.C. Gen. Stat. § 15A-1237(b) (1997) (requiring unanimous jury verdicts). Defendant's argument characterizes the eight aggravating factors set out in N.C. Gen. Stat. § 20-141.5(b) as a list of separately chargeable, discrete criminal activities. Defendant further contends that the jury should have been required to agree on which of those eight particular factors were present in his case. The State, on the other hand, argues that the statutory factors are merely alternative ways of proving the crime of felonious speeding to elude arrest. For the reasons set forth below, we agree with the State's interpretation and overrule defendant's assignment of error.

In *State v. Diaz*, 317 N.C. 545, 346 S.E.2d 488 (1986), our Supreme Court reviewed the trial court's instructions to the jury in a case in which defendant was charged with a violation of N.C. Gen. Stat. § 90-95(h)(1). The Court in *Diaz* found that § 90-95(h)(1) punishes anyone who "sells, manufactures, delivers, transports, or possesses more than 50 pounds of marijuana . . . ." *Diaz*, 317 N.C. at 547, 346 S.E.2d at 490; N.C. Gen. Stat. § 90-95(h)(1) (Cum. Supp. 1983). In its instruction, the trial court used the disjunctive "or" to instruct the jury to return a verdict of guilty if it found beyond a reasonable doubt that defendant "knowingly possessed *or* knowingly transported" the requisite amount of marijuana. *Diaz*, 317 N.C. at 554, 346 S.E.2d at 494 (emphasis added). The Supreme Court found that the trial court committed reversible error in its ambiguous instruction, because not one but *two* possible crimes were submitted to the jury in a single issue. The erroneous instruction prevented the jury from reaching a unanimous verdict, and defendant was granted a new trial. *Id.* at 553-54, 346 S.E.2d at 494.

In *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990), the Supreme Court clarified its decision in *Diaz*. Defendant Hartness was convicted of three counts of taking indecent liberties with a minor. The trial court instructed the jury in that case that an indecent liberty was "an immoral, improper, or indecent touching or act by the defendant upon the child, *or* an inducement by the defendant of an immoral or indecent touching by the child." *Id.* at 563, 391 S.E.2d at 178 (emphasis added). Defendant assigned error to the instruction, contending that it led to his conviction by a nonunanimous verdict. *Id.* The Supreme Court distinguished *Diaz* and stated that

> [t]he risk of a nonunanimous verdict does not arise in cases such as the one at bar because the statute proscribing indecent liberties does not list, as elements of the offense, discrete criminal activities in the disjunctive in the same manner as does the trafficking statute [in *Diaz*]. . . . Even if we assume that some jurors found that one type of sexual conduct occurred and others found that another transpired, the fact remains that the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of "any immoral, improper, or indecent liberties." Such a finding would be sufficient to establish the first element of the crime charged.

*Id.* at 564-65, 391 S.E.2d at 179.

The decisions in *Diaz* and *Hartness* were followed by *State v. Lyons*, 330 N.C. 298, 412 S.E.2d 308 (1991). In *Lyons*, the Supreme Court explained the crucial difference between the underlying rationales of *Diaz* and *Hartness*. Our Supreme Court stated that

> [t]here is a critical difference between the lines of cases represented by *Diaz* and *Hartness*. The former line establishes that a disjunctive instruction, which allows the jury to find a defendant guilty if he commits either of two underlying acts, *either of which is in itself a separate offense*, is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense. The latter line establishes that if the trial court merely instructs the jury disjunctively as to various alternative acts *which will establish an element of the offense*, the requirement of unanimity is satisfied.

*Id.* at 302-03, 412 S.E.2d at 312. The *Lyons* decision was also instructive on other key differences between *Diaz* and *Hartness*. *Lyons*

explained that in order to determine the "gravamen" of the offense, a criminal statute must be examined to determine whether it punishes a single wrong or multiple discrete wrongs. *See State v. Petty*, 132 N.C. App. 453, 461, 512 S.E.2d 428, 434, *appeal dismissed, disc. review denied*, 350 N.C. 598, —— S.E.2d —— (1999).

The parties have continually emphasized the differences in *Diaz* and *Hartness* to support their respective positions. Succinctly stated, " '[t]he difference [between the *Diaz* line and the *Hartness* line] is whether the two underlying acts are separate offenses or whether they are merely alternative ways to establish a single offense.' " *State v. Johnston*, 123 N.C. App. 292, 297, 473 S.E.2d 25, 29, *disc. review denied*, 344 N.C. 737, 478 S.E.2d 10 (1996) (quoting *State v. Almond*, 112 N.C. App. 137, 144, 435 S.E.2d 91, 96 (1993)). Defendant relies heavily on *Diaz* for the proposition that N.C. Gen. Stat. § 20-141.5(b) punishes multiple discrete wrongs. Conversely, the State relies on *Hartness* to argue that the same statute punishes a single wrong.

Despite factual differences, we believe the case before us falls within the parameters of *Hartness*, so that we are bound by the holding of that case. N.C. Gen. Stat. § 20-141.5 seeks to punish a single wrong: attempting to flee in a motor vehicle from a law enforcement officer in the lawful performance of his duties. Violation of the statute is at least a Class 1 misdemeanor. Where at least two of the eight aggravating factors set out in the statute are present, however, the offense is a Class H felony. Although many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses as in *Diaz*, but are merely alternate ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony. We therefore hold that the trial court's instructions, which tracked the language of the pattern jury instructions, were correct, and overrule this assignment of error.

## II. The Indictment and the State's Burden of Proof

[2] The indictment against defendant read in pertinent part:

At the time of the violation, the defendant was speeding in excess of fifteen (15) miles per hour over the legal speed limit, the defendant was driving recklessly in violation of G.S. 20-140, *and* the defendant was driving while the defendant's driver's license was revoked.

(Emphasis added.) Defendant maintains that, since the three aggravating factors were listed in the conjunctive in the indictment, the State should have had to prove all three factors were present in order to obtain a conviction for felonious speeding to elude arrest under N.C. Gen. Stat. § 20-141.5(b). We disagree.

We find guidance in our Supreme Court's decision in *State v. Moore*, 315 N.C. 738, 340 S.E.2d 401 (1986). In *Moore*, defendant was charged with the first-degree kidnapping of his estranged wife under N.C. Gen. Stat. § 14-39. *Moore*, 315 N.C. at 739, 742, 340 S.E.2d at 402, 404. The indictment in *Moore* included three of eight statutory "purposes" that make kidnapping a first-degree offense. *Id.* at 743, 340 S.E.2d at 404-05. The Supreme Court noted that "[t]he indictment in a kidnapping case must allege the purpose or purposes upon which the State intends to rely, and the State is restricted at trial to proving the purposes alleged in the indictment." *Id.* at 743, 340 S.E.2d at 404. The Supreme Court did not, however, require the State to prove *every* ground or purpose set out in the indictment, instead stating that "[a]lthough the indictment may allege more than one purpose for the kidnapping, the State has to prove only one of the alleged purposes in order to sustain a conviction of kidnapping." *Id.* The jury in *Moore* was not required to indicate which of the three purposes it found to be present, but the case was remanded for a new trial, because one of the purposes was not supported by the evidence and should not have been submitted to the jury at all. *Id.* at 749, 340 S.E.2d at 408.

The indictment in the present case is similar in form to that in *Moore*, and includes three factors which would support a conviction for *felonious* speeding to elude arrest, a more serious conviction than the Class 1 *misdemeanor* described in N.C. Gen. Stat. § 20-141.5(a). Contrary to defendant's contention, we do not believe that the State is required by the holding in *Moore* to prove all three factors, even though they are stated conjunctively in the indictment, because the statute only requires proof of *two or more* of the factors. We find no error in the trial court's treatment of this issue, and we overrule this assignment of error.

### III. Defining a Statutory Factor Which Is Itself a Crime

[3] Finally, defendant argues that, since "driving while driver's license is revoked" was one of the three named aggravating factors that led to his conviction under N.C. Gen. Stat. § 20-141.5(b)(5), the trial court should have charged the jury on the elements of the

offense of driving with a revoked license, particularly the element of knowledge. We disagree.

To convict a person of the crime of driving with a revoked license, the State must prove beyond a reasonable doubt that defendant was on notice that his driver's license was revoked. *See* N.C. Gen. Stat. § 20-28 (1999); *State v. Chester*, 30 N.C. App. 224, 226 S.E.2d 524 (1976); *State v. Woody*, 102 N.C. App. 576, 402 S.E.2d 848 (1991). Defendant contends that the trial court's failure in the case before us to charge on the elements of driving with a revoked license was plain error in violation of the requirement that "[t]he trial court must charge the essential elements of the offense." *State v. Gooch*, 307 N.C. 253, 256, 297 S.E.2d 599, 601 (1982).

On direct examination, Trooper Miles was asked to compare the information on defendant's driving record to that on a letter from the Division of Motor Vehicles notifying defendant that his driving privilege was revoked. The trooper testified that the information matched and revealed that defendant received notice of revocation of his driving privilege at his home address on 2 February 1998. During the trial, although defendant challenged many portions of the State's case, he did not contest in any way his awareness that his driver's license was revoked, nor did he object to the officer's testimony in that regard. The State's evidence tended to show that it complied with the provisions for giving notice of revocation or suspension of a driver's license found in N.C. Gen. Stat. § 20-48. "[W]here there is *no* evidence that defendant did not receive the notice mailed by the Department [of Motor Vehicles], it is not necessary for the trial court to charge on guilty knowledge[.]" *Chester*, 30 N.C. App. at 227, 226 S.E.2d at 527.

Thus, it appears that the failure of the trial court to charge on knowledge of revocation was not erroneous, and we need not reach the question of whether the trial court is required to charge the jury on the elements of the separate crimes which serve to enhance the status of speeding to elude arrest to that of a felony.

No error.

Judges WALKER and McGEE concur.