STATE OF NORTH CAROLINA v. ERNEST F. DAVIS

No. COA03-88

(Filed 6 April 2004)

**1. Motor Vehicles— felonious operation of a motor vehicle to elude arrest—motion to dismiss—motion for judgment notwithstanding verdict**

The trial court did not err by denying defendant's motion to dismiss the charge of felonious operation of a motor vehicle to elude arrest under N.C.G.S. § 20-141.5 and his motion for judgment notwithstanding the verdict following conviction, because: (1) there was substantial evidence from which the jury could find that defendant sped in excess of fifteen miles over the posted speed limit; and (2) there was sufficient evidence that defendant drove recklessly.

**2. Sentencing— habitual felon—sufficient record of plea**

The trial court did not err in a felonious operation of a motor vehicle to elude arrest and resisting a public officer case by sentencing defendant as an habitual felon, because the trial court established a sufficient record of defendant's plea on the habitual felon charge.

Appeal by defendant from judgments entered 22 August 2002 by Judge Charles H. Henry in Superior Court, Onslow County. Heard in the Court of Appeals 24 February 2004.

**STATE v. DAVIS**

[163 N.C. App. 587 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Jeffrey R. Edwards, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Terri W. Sharp, for defendant appellant.*

WYNN, Judge.

Ernest F. Davis, Defendant, appeals from his convictions of felonious operation of a motor vehicle to elude arrest and resisting a public officer, arguing the trial court erred by denying his motion to dismiss and sentencing him as an habitual felon. We discern no error by the trial court.

At trial, the State presented evidence tending to show the following: In the early morning hours of 25 January 2002, Sergeant Charles Chadwick of the Onslow County Sheriff's Department observed Defendant driving an automobile in the Sneeds Ferry area of Onslow County. Sergeant Chadwick was acquainted with Defendant and knew that his driver's license was revoked. Sergeant Chadwick activated the blue lights and siren of his patrol vehicle and attempted to follow Defendant. Defendant accelerated, and Sergeant Chadwick, despite driving at a speed of sixty-five to seventy miles per hour, did not catch up to him. The posted speed limits in the area ranged from twenty-five to thirty-five miles per hour. According to Sergeant Chadwick, Defendant sped at a rate "very much" in excess of fifteen miles per hour over the speed limit. Sergeant Chadwick also observed Defendant swerve into the opposing lane for oncoming traffic. Defendant eventually turned into the driveway of an occupied mobile home and slammed the brakes, causing the vehicle to slide approximately twenty feet. Defendant then exited the vehicle and ran into the woods.

Following presentation of the evidence, the jury found Defendant guilty of felonious operation of a motor vehicle to elude arrest, speeding in excess of fifteen miles per hour more than the established speed limit, delaying a public officer in attempting to discharge a duty of his office, and reckless driving. Defendant admitted his status as an habitual felon. The trial court arrested judgment on the charges of reckless driving to endanger and speeding, and sentenced Defendant to a term of 93 to 121 months' imprisonment for the felonious operation of a motor vehicle to elude arrest conviction. The trial court entered a concurrent sentence of thirty days for the conviction of resisting arrest. Defendant appealed.

[1] Defendant has abandoned his first two assignments of error on appeal. By his third assignment of error, Defendant contends the trial court erred in denying his motion to dismiss the charge of felonious operation of a motor vehicle to elude arrest and his motion for judgment notwithstanding the verdict following conviction. Defendant argues there was insufficient evidence from which the jury could find that he sped in excess of fifteen miles over the legal speed limit or drove recklessly. This argument has no merit.

When ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State. *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652 (1982). In considering a motion for dismissal, the trial court is to determine whether there is substantial evidence "(a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied." *Id.* at 65-66, 296 S.E.2d at 651-52. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). The State is entitled to all reasonable inferences to be drawn from the evidence, and the trial court must resolve any contradictions and discrepancies in favor of the State. *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983).

Defendant was convicted of felonious operation of a motor vehicle to elude arrest under section 20-141.5 of the North Carolina General Statutes, which provides in pertinent part that:

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

. . . .

(3)  Reckless driving as proscribed by G.S. 20-140.

. . . .

(5)  Driving when the person's drivers license is revoked.

. . . .

N.C. Gen. Stat. § 20-141.5 (2003). Section 20-141.5 "seeks to punish a single wrong: attempting to flee in a motor vehicle from a law enforcement officer in the lawful performance of his duties." *State v. Funchess*, 141 N.C. App. 302, 309, 540 S.E.2d 435, 439 (2000). At a minimum, violation of the statute constitutes a Class 1 misdemeanor. N.C. Gen. Stat. § 20-141.5(a). Where at least two of the eight aggravating factors set out in the statute are present, however, the offense is a Class H felony. N.C. Gen. Stat. § 20-141.5(b). "Although many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses . . . but are merely alternate ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony." *Funchess*, 141 N.C. App. at 309, 540 S.E.2d at 439.

Here, Defendant's conviction was based on the two aggravating factors of speeding in excess of fifteen miles per hour over the legal speed limit and reckless driving. Defendant argues the State presented insufficient evidence in support of these factors. We disagree. Sergeant Chadwick testified that he drove at a rate of speed of sixty-five to seventy miles per hour, but was unable to catch up to Defendant. The highest posted speed limit was only thirty-five miles per hour. Moreover, Sergeant Chadwick stated that Defendant was "very much" speeding in excess of fifteen miles over the speed limit. Defendant asserts Sergeant Chadwick exaggerated his testimony, in that the distance traveled by Defendant and Sergeant Chadwick from the inception of the pursuit to its finish was less than one and one-half miles. Further, Defendant argues he would have lost control of his vehicle had he been traveling at such high rates of speed. These arguments, however, raise nothing more than potential discrepancies in the evidence, the resolution of which was for the jury. We conclude there was substantial evidence from which the jury could find that Defendant sped in excess of fifteen miles over the posted speed limit.

There was moreover sufficient evidence that Defendant drove recklessly. North Carolina General Statutes section 20-140 defines the offense of reckless driving as follows:

(a) Any person who drives any vehicle upon a highway or any public vehicular area carelessly and heedlessly in willful or wanton disregard of the rights or safety of others shall be guilty of reckless driving.

(b) Any person who drives any vehicle upon a highway or any public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving.

N.C. Gen. Stat. § 20-140 (2003). The evidence tended to show that Defendant drove at speeds well over the posted speed limit of thirty-five miles per hour, and that he swerved into the opposing lane of traffic at least once. At the conclusion of the chase, Defendant braked his vehicle sharply and slid for approximately twenty feet near an occupied residence. We conclude there was sufficient evidence from which the jury could find Defendant guilty of reckless driving, and we overrule Defendant's third assignment of error.

[2] Finally, Defendant argues the trial court failed to establish a proper record of a guilty plea to the status of being an habitual felon. This argument has no merit. The record shows that, after defense counsel informed the trial court that Defendant admitted to his former convictions, the trial court personally addressed Defendant and inquired whether he (1) understood he had the right to remain silent; (2) understood the nature of the habitual felon indictment and had discussed it with his attorney; (3) understood he had the right to deny the convictions and allow a jury to determine the issue; (4) understood that by admitting the convictions he gave up the right to have a jury determine whether he had achieved habitual felon status; and (5) understood that he could face a maximum punishment of 183 months in prison due to the Class C habitual felon sentence enhancement. Defendant responded affirmatively to each of these questions. The trial court found that Defendant's admissions were "the informed choice of the defendant made freely, voluntarily, and understandingly."

Defendant argues the trial court's failure to ask him whether he was pleading guilty to habitual felon status invalidates his plea. An express admission of guilt by a defendant is not required in order for a guilty plea to be valid, however. *State v. Edwards*, 150 N.C. App. 544, 549, 563 S.E.2d 288, 291 (2002). We conclude the trial court established a sufficient record of Defendant's plea on the habitual felon

charge. *See State v. Williams*, 133 N.C. App. 326, 330-31, 515 S.E.2d 80, 83 (1999) (concluding that the trial court established a sufficient record of the defendant's plea to habitual felon status where the defendant stipulated to the status, admitted the underlying felonies, understood she was waiving a jury trial and that she would be sentenced as a Class C felon, and stated she was proceeding voluntarily).

For the reasons stated herein, we conclude Defendant received a fair trial, free from prejudicial error.

No error.

Judges McGEE and TYSON concur.