STATE OF NORTH CAROLINA v. MICKEY JAMES DEWALT

No COA10-559

(Filed 4 January 2011)

**1. Motor Vehicles— felony speeding to elude arrest—aggravating factor—driving while license revoked—jury instruction correct**

The trial court did not err in instructing the jury that the factor of driving while license revoked under N.C.G.S. § 20-11.5(b)(5) in aggravation of the offense of felony speeding to elude arrest did not require a showing that defendant was on a highway or street. The aggravating factor does not require the same proof as the offense of driving while license revoked under N.C.G.S. § 20-28(a).

**2. Motor Vehicles— felony speeding to elude arrest—lesser-included offense—no jury instruction required**

The trial court did not err in denying defendant's request for a jury instruction on the lesser-included offense of misdemeanor

**STATE v. DEWALT**

[209 N.C. App. 187 (2011)]

speeding to elude arrest. The State presented uncontroverted evidence as to each element of speeding to elude arrest and the presence of two listed aggravating factors required to make this offense a felony.

Appeal by defendant from judgment entered 24 September 2009 by Judge Judson D. DeRamus, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 2 November 2010.

*Attorney General Roy Cooper, by Assistant Attorney General William P. Hart, Jr., for the State.*

*Paul Y.K. Castle for defendant-appellant.*

BRYANT, Judge.

Where the statute defining the offense of speeding to elude arrest does not specify that a particular aggravating factor must be proved as required for conviction of a separate offense under a different statute, the trial court does not err in so instructing the jury. Where the evidence at trial is clear and positive as to each element of the offense charged and no evidence supports a lesser-included offense, the trial court need not instruct on the lesser-included offense.

*Facts*

On 23 October 2008, Detective Donald Frank Talley of the Yadkin County Sheriff's Office and Detective Farron Grey Jester of the Yadkinville Police Department were attempting to locate defendant Mickey James Dewalt in connection with a warrant against him. The detectives were familiar with defendant from past encounters, and Det. Talley had spoken with defendant on numerous occasions. Believing defendant was at a shopping center in Forsyth County, the detectives contacted the sheriff's department there and asked for assistance in apprehending defendant. Two members of the Forsyth County Sheriff's Department, Deputy Christopher Barry Davenport and another officer, waited in marked patrol cars behind the shopping center, while the Yadkin detectives waited in an unmarked patrol car in the front parking lot.

At about 5:45 p.m. that day, the detectives saw defendant drive into the parking lot in a Land Rover and alerted the Forsyth County officers. The two Forsyth officers drove around to the front parking lot with blue lights activated and pulled up to defendant's vehicle. Deputy Davenport got out of his patrol car with his weapon drawn,

called defendant by name, informed him he was under arrest, and ordered him to put his hands out of the vehicle window. Instead, defendant drove forward over a concrete parking median, narrowly missing the marked patrol cars, crossed a grassy area and drove along the entrance/exit road of the shopping center toward Shallowford Road. The deputies were unable to see what happened thereafter, and when they reached Shallowford Road, defendant's vehicle had disappeared from view.

At that point, they received word that a vehicle matching the description of defendant's Land Rover had been located at 120 Sunny Acres Lane. This address is a residential property with a large yard adjacent to the shopping center. When the deputies arrived, they found the Land Rover stuck in a ditch across the street from the home. Tire tracks suggested the vehicle had traveled from Shallowford Road across the grassy yard of the home, across Sunny Acres Lane and then into the ditch. A minor child who lived at the residence testified that he had been in his yard playing soccer that day when he heard sirens. Shortly thereafter, the child saw the vehicle drive off Shallowford Road across his yard, at which point the driver jumped out and ran into some nearby woods. The vehicle continued to roll on its own until it became stuck in the ditch.

On 23 September 2009, defendant was tried before a jury on charges of felony fleeing to elude arrest, resisting a public officer, reckless driving to endanger, driving while license revoked, and having attained the status of habitual felon. At the jury charge conference, defense counsel objected to an instruction on felony fleeing to elude arrest, contending that the statutorily required two aggravating factors were not present. The State alleged that the aggravating factors present were reckless driving and driving while license revoked, and the indictment alleged defendant had operated his vehicle on the 6900 block of Shallowford Road and on Sunny Acres Lane. Defendant argued that the evidence did not show that he drove on any public street or highway but only that he had driven in the shopping center parking lot, a public vehicular area not sufficient to support a driving while license revoked charge. The trial court stated that, when used as an aggravating factor for felony speeding to elude arrest, driving while license revoked does not require a showing that the defendant drove on a public highway or street. Over defendant's objection, the trial court instructed the jury that it could convict based on defendant driving on a public vehicular area. Further, the trial court instructed the jury only on felony speeding to elude arrest

and did not instruct on the lesser included offense of misdemeanor speeding to elude arrest.

Following a trial, the jury returned guilty verdicts for the first four offenses, and defendant changed his plea from not guilty to guilty on the habitual felon charge. The trial court sentenced defendant to 100 to 129 months plus 120 days in prison. Defendant appeals.

On appeal, defendant argues the trial court committed reversible error in (I) instructing the jury that the factor of driving while licence revoked in aggravation of the offense of felony speeding to elude arrest did not require a showing that he was on a highway or street and (II) denying his request for a jury instruction on a lesser included offense.

I

[1] Defendant first argues that the trial court committed reversible error in instructing the jury. Specifically, he asserts that it was error to instruct the jury that the factor of driving while licence revoked used in aggravation of the offense of felony speeding to elude arrest does not require a showing that he was on a highway or street, rather than on a public vehicular area. We disagree.

"Failure to instruct on each element of a crime is prejudicial error requiring a new trial." *State v. Lanier,* 165 N.C. App. 337, 354, 598 S.E.2d 596, 607, *disc. review denied,* 359 N.C. 195, 608 S.E.2d 59 (2004). Prejudicial error is defined as a question of whether "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2009).

Speeding to elude arrest is defined as operating "a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2009). This offense is a felony if any two of the eight aggravating factors listed in the statute are present; one of those factors is "[d]riving when the person's drivers license is revoked." N.C.G.S. § 20-141.5(b)(5).

Defendant argues that the driving while license revoked aggravating factor under § 20-141.5(b)(5) requires the same proof as the offense of driving while license revoked under N.C. Gen. Stat. § 20-28(a) (2009). Section 20-28 specifies that the offense of driving while license revoked occurs when an operator whose license has

been revoked "drives any motor vehicle upon the highways of the State[.]" *Id.* Thus, § 20-28 does not, by its plain language, apply when an operator whose license has been revoked drives in public vehicular areas. This is in contrast to other driving-related offenses which can occur when an operator drives on a "street, highway, or public vehicular area[.]" *See* N.C.G.S. § 20-141.5; *see also* N.C. Gen. Stat. § 20-138.1 (2009) (impaired driving); N.C. Gen. Stat. § 20-140 (2009) (reckless driving). Defendant contends that aggravating factor (b)(5) requires proof that he operated his vehicle on a public highway and contends that his argument is supported by *State v. Funchess*, 141 N.C. App. 302, 540 S.E.2d 435 (2000). We disagree.

In *Funchess*, the "defendant argue[d] that, since 'driving while driver's license is revoked' was one of the three named aggravating factors that led to his conviction under N.C. Gen. Stat. § 20-141.5(b)(5), the trial court should have charged the jury on the elements of the offense of driving with a revoked license, particularly the element of knowledge." *Id.* at 310-11, 540 S.E.2d at 440. However, because of factual circumstances of that case, we did "not reach the question of whether the trial court is required to charge the jury on the elements of the separate crimes which serve to enhance the status of speeding to elude arrest to that of a felony." *Id.* at 311, 540 S.E.2d at 441. Thus, *Funchess* has no precedential value as to defendant's argument.

In considering this matter of first impression, we find defendant's argument unpersuasive. Our cardinal rule in statutory construction is to give plain meaning to statutory language that is expressed clearly and unambiguously. *State v. Jones*, 358 N.C. 473, 477, 598 S.E.2d 125, 128 (2004). Here, aggravating factor (b)(5) does not require a showing that a defendant was driving on a highway or street when his license was revoked. Rather, only the underlying offense of speeding to elude arrest specifies a location, stating that it occurs when a person operates a "motor vehicle on a *street, highway, or public vehicular area* while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C.G.S. § 20-141.5(a) (emphasis added). In turn, the eight listed aggravating factors must only be shown to have been "present at the time the violation occurs[.]" N.C.G.S. § 20-141.5(b).

As to defendant's contention regarding § 20-28, we draw his attention to another well-known canon of statutory construction, *expressio unius est exclusio alterius*: the expression of one thing is

the exclusion of another. *See Baker v. Martin*, 330 N.C. 331, 337, 410 S.E.2d 887, 890-91 (1991). The speeding to elude arrest statute cites several other criminal statutes when defining aggravating factors which support the felony level of this offense:

(3) Reckless driving as proscribed by G.S. 20-140.

. . .

(6) Driving in excess of the posted speed limit, during the days and hours when the posted limit is in effect, on school property or in an area designated as a school zone pursuant to G.S. 20-141.1, or in a highway work zone as defined in G.S.20-141(j2).

(7) Passing a stopped school bus as proscribed by G.S. 20-217.

N.C.G.S. § 20-141.5(b). However, the statute does not cite § 20-28 when listing the aggravating factor "[d]riving when the person's drivers license is revoked." N.C.G.S. § 20-141.5(b)(5). Thus, the plain language of § 20-141.5 reveals that, while the General Assembly chose to cross-reference criminal statutes in defining the scope of certain aggravating factors, it chose not to do so in defining aggravating factor (b)(5). This argument is overruled.

*II*

[2] Defendant also argues that the trial court committed reversible error in denying his request for a jury instruction on the lesser-included offense of misdemeanor speeding to elude arrest. We disagree.

A trial court must give instructions on all lesser-included offenses that are supported by the evidence, even in the absence of a special request for such an instruction; and the failure to so instruct constitutes reversible error that cannot be cured by a verdict finding the defendant guilty of the greater offense. The trial court may refrain from submitting the lesser offense to the jury only where the evidence is clear and positive as to each element of the offense charged and no evidence supports a lesser-included offense.

*State v. Lawrence*, 352 N.C. 1, 19, 530 S.E.2d 807, 819 (2000), *cert. denied*, 531 U.S. 1083, 148 L. Ed. 2d 684 (2001) (internal citations and quotations omitted). However, "[a] defendant is not entitled to an instruction on a lesser[-]included offense merely because the jury could possibly believe some of the State's evidence but not all of it." *State v. Annadale*, 329 N.C. 557, 568, 406 S.E.2d 837, 844 (1991) (citation omitted).

Defendant bases this argument on his contentions as to Issue I. Having rejected that argument, we do the same here. The State presented uncontroverted evidence as to each element of speeding to elude arrest and the presence of two listed aggravating factors required to make this offense a felony. Thus, defendant was not entitled to an instruction on the lesser-included offense of misdemeanor speeding to elude arrest. This argument is overruled.

No error.

Judges STROUD and BEASLEY concur.