STATE OF NORTH CAROLINA v. JIMMY WAYNE BANKS

No. COA10-935

(Filed 19 July 2011)

**1. Motor Vehicles— felonious operation of motor vehicle to elude arrest—disjunctive jury instruction**

The trial court's disjunctive jury instruction in a felonious operation of a motor vehicle to elude arrest case did not constitute error. While the jury may not have been unanimous as to which aggravating factors were present, it was unanimous in finding that defendant was guilty of felonious operation of a motor vehicle to elude arrest.

**2. Motor Vehicles— felonious operation of motor vehicle to elude arrest—jury instruction—failure to define reckless driving**

The trial court did not commit plain error in a felonious operation of a motor vehicle to elude arrest case by declining to define the N.C.G.S. § 20-141.5(b) aggravating factor of reckless driving in the jury instruction. Defendant failed to cite to any legal authority which specifically required this definition, the trial court properly charged the jury with the pattern jury instruction, and there was substantial evidence showing that defendant was guilty.

**3. Sentencing— aggravating factors—negligent driving— motion to dismiss—reckless driving—driving with license revoked**

The trial court did not commit prejudicial error in a felonious operation of a motor vehicle to elude arrest case by denying defendant's motion to dismiss the aggravating factor of negligent

driving. The State was only required to present sufficient evidence of two of the factors, and defendant did not challenge the sufficiency of the evidence of the two aggravating factors of reckless driving or driving with a revoked driver's license.

Appeal by defendant from judgment entered 10 March 2010 by Judge James G. Bell in Superior Court, Johnston County. Heard in the Court of Appeals 26 January 2011.

*Attorney General, Roy A. Cooper, III, by Vanessa N. Totten, Assistant Attorney General, for the State.*

*Peter Wood, for defendant-appellant.*

STROUD, Judge.

Jimmy Wayne Banks ("defendant") appeals from his conviction for felonious operation of a motor vehicle to elude arrest. For the following reasons, we find no error in defendant's trial.

On 2 November 2009, defendant was indicted for felony operation of a motor vehicle to elude arrest. Defendant was tried on this charge at the 8 March 2010 Criminal Session of Superior Court, Johnston County. At trial, the State's evidence tended to show that on 15 April 2009 Officer David Hildreth of the Johnston County Sheriff's Department observed defendant driving with a white left taillight instead of a red taillight, as required by North Carolina law. Officer Hildreth turned his patrol car around and followed defendant. When the two vehicles reached an intersection, defendant suddenly changed from the middle lane, which was not a turning lane, to the right turn lane. Defendant then stopped for about thirty seconds, even though the stop light at the intersection was showing a green arrow for his lane. After defendant turned right at the intersection, Officer Hildreth turned on his blue lights and siren to initiate a stop of defendant's vehicle. Officer Hildreth followed defendant as he made an immediate right turn into a parking lot located at the corner of the intersection. When Officer Hildreth exited his vehicle to approach the stopped vehicle, defendant suddenly drove away.

Officer Hildreth followed as defendant circled the parking lot by exiting the lot, without stopping, onto one road and then re-entering the lot from an entrance on the other road. Officer Hildreth testified that at one point defendant was driving on the left side of the road in the opposing traffic lanes. He estimated that defendant was going thirty to thirty-five miles per hour through the parking lot and that

there was a person in the parking lot during the chase. After exiting the parking lot for the final time, defendant drove through a red stop-light at thirty to forty miles per hour. Then, at a sharp turn further down the road, defendant lost control of the vehicle. It swerved onto the left side of the road, into oncoming traffic, and flipped over before coming to a stop. Officer Hildreth arrested defendant at the scene. The State presented evidence that at the time of the incident defendant was driving while his license was revoked and that the damage to defendant's car was in excess of $1,000. Defendant did not present any evidence at trial.

The trial court instructed the jury on both misdemeanor and felony operation of a motor vehicle to elude arrest. On 9 March 2009, the jury found defendant guilty of felonious operation of a motor vehicle to elude arrest. Subsequent to trial, defendant pled guilty to attaining the status of habitual felon on 10 March 2010 and pursuant to that plea agreement, the trial court entered judgment, sentencing defendant to a term of of 80 to 105 months imprisonment. Defendant gave notice of appeal in open court.

Defendant contends the trial court failed to properly instruct the jury in two respects: (1) by giving a disjunctive jury instruction which allowed the jury to return a felony conviction without a unanimous verdict; and (2) by declining to define the aggravating factor of reck-less driving in the jury instruction. Defendant argues for a plain error analysis of his disjunctive jury instruction argument. We have noted that generally a "defendant's failure to object to an alleged error of the trial court precludes the defendant from raising the error on appeal" but

> "[w]here, however, the error violates [a] defendant's right to a trial by a jury of twelve, [a] defendant's failure to object is not fatal to his right to raise the question on appeal." *Id.; see also State v. Brewer*, 171 N.C. App. 686, 691, 615 S.E.2d 360, 363 (2005) (quoting *State v. Wiggins*, 161 N.C. App. 583, 592, 589 S.E.2d 402, 409 (2003), *disc. review denied*, 358 N.C. 241, 594 S.E.2d 34 (2004)), *disc. review denied*, 360 N.C. 484, 632 S.E.2d 493 (2006) (stating that "[v]iolations of constitutional rights, such as the right to a unanimous verdict . . . are not waived by the failure to object at trial and may be raised for the first time on appeal.' ").

*State v. Johnson*, 183 N.C. App. 576, 582, 646 S.E.2d 123, 127 (2007). Accordingly, defendant's argument is properly before us.

**[1]** In addressing the substance of defendant's argument, we note that a violation of N.C. Gen. Stat. § 20-141.5 is enhanced from a Class 1 misdemeanor to a Class H felony when at least two of the eight aggravating factors listed in subsection (b) are present:

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

(2) Gross impairment of the person's faculties while driving due to:

a. Consumption of an impairing substance; or

b. A blood alcohol concentration of 0.14 or more within a relevant time after the driving.

(3) Reckless driving as proscribed by G.S. 20-140.

(4) Negligent driving leading to an accident causing:

a. Property damage in excess of one thousand dollars ($ 1,000); or

b. Personal injury.

(5) Driving when the person's drivers license is revoked.

(6) Driving in excess of the posted speed limit, during the days and hours when the posted limit is in effect, on school property or in an area designated as a school zone pursuant to G.S. 20-141.1, or in a highway work zone as defined in G.S. 20-141(j2).

(7) Passing a stopped school bus as proscribed by G.S. 20-217.

(8) Driving with a child under 12 years of age in the vehicle.

N.C. Gen. Stat. § 20-141.5 (2009). As noted above, the trial court instructed the jury on both misdemeanor and felony operation of a motor vehicle to elude arrest, stating that in order to find defendant guilty of the felony, the jury had to find at least two of the aggravating factors listed in N.C. Gen. Stat. § 20-141.5, specifically: reckless driving; negligent driving leading to an accident causing property damage in excess of $1,000; and driving while defendant's driver's license was revoked. Defendant asserts that the trial court erred by giving an instruction which allowed the jury to return a felony conviction if it found that at least two of the three aggravating factors submitted were present. He argues that the trial court should have instead required the jury to be unanimous as to which aggravating factors were present before it could return a felony conviction.

A disjunctive jury instruction is fatally ambiguous when it is "impossible to determine whether the jury unanimously found that the defendant committed one particular offense." *State v. Bell*, 359 N.C. 1, 29, 603 S.E.2d 93, 112-13 (2004) (citation and quotation marks omitted), *cert denied*, 544 U.S. 1052, 161 L. Ed. 2d 1094 (2005). However, "if the trial court merely instructs the jury disjunctively as to various alternative acts which will establish an element of the offense, the requirement of unanimity is satisfied." *Id.* at 30, 603 S.E.2d at 113 (citation, emphasis, and quotation marks omitted). In *State v. Funchess*, 141 N.C. App. 302, 540 S.E.2d 435 (2000), we considered whether a disjunctive jury instruction on the aggravating factors of N.C. Gen. Stat. § 20-141.5 violated the North Carolina Constitution's requirement that " '[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court.' " *Id.* at 307, 540 S.E.2d at 438 (quoting N.C. Const. Art. I, § 24). Specifically, the defendant in *Funchess* argued "that the jury should have been required to agree on which of those eight particular factors [of N.C. Gen. Stat. § 20-141.5(b)] were present in his case." *Id.* In rejecting the defendant's argument, we concluded that in that context, a disjunctive jury instruction was acceptable because the aggravating factors are "not separate offenses . . . but are merely alternate ways of enhancing the punishment." *Id.* at 309, 540 S.E.2d at 439. We explained that the jury had still unanimously convicted defendant of "a single wrong: attempting to flee in a motor vehicle from a law enforcement officer in the lawful performance of his duties," even though it may not have been unanimous as to which aggravating factors were present during the offense. *Id.* In applying *Funchess*, to the present case, we note that while the jury may not have been unani-

mous as to which aggravating factors were present, it was unanimous in finding that defendant was guilty of felonious operation of a motor vehicle to elude arrest. Therefore, we conclude that the trial court's disjunctive jury instruction did not constitute error.

[2] Defendant also contends that the trial court committed plain error by declining to define the N.C. Gen. Stat. § 20-141.5(b) aggravating factor of reckless driving in the jury instruction. He asserts that, even though he was not specifically charged with the offense of reckless driving under N.C. Gen. Stat. § 20-140, the trial court was obligated to include the definition from that statute in the jury instruction. Because defendant's argument does not specifically raise any claim of a violation of his constitutional rights and he did not object to the jury instructions at trial, we review for plain error. *See* N.C.R. App. P. 10(a)(4). In order to constitute plain error, an error must be "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988).

We considered defendant's argument in *State v. Wood*, 174 N.C. App. 790, 622 S.E.2d 120 (2005). The defendant in *Wood* argued that the trial court erred by not defining certain aggravating factors, including reckless driving, in the jury instruction for the charge of felony operation of a motor vehicle to elude arrest. *Id.* at 793-94, 622 S.E.2d at 122-23. In concluding that the defendant "failed to meet her burden under plain error review to warrant a new trial", we noted that the "[d]efendant fail[ed] to cite to any case law or statute which require[d] the trial court to define the [aggravating factors] during its jury instruction[;]" "the trial court properly charged the jury using the language of the pattern jury instruction which stated it had to find at least two of the three aggravating factors set out in the bill of indictment were present in order to convict defendant of felonious speeding to elude arrest[;]" and "substantial evidence was presented which tended to show" that the defendant was guilty of felonious operation of a motor vehicle to elude arrest. *Id.* at 794, 622 S.E.2d at 123. Similarly, here (1) defendant cites to no legal authority which specifically requires a trial judge to include the statutory definition of reckless driving from N.C. Gen. Stat. § 20-140 in an instruction for felony operation of a motor vehicle to elude arrest under N.C. Gen. Stat. § 20-141.5; (2) the trial court properly charged the jury using the language of the pattern jury instruction, N.C.P.I. Crim. 270.54A; and (3) there was substantial evidence showing that defendant was guilty of felonious operation of a motor vehicle to elude arrest, as defendant,

in his attempt to flee from Officer Hildreth, was driving in the opposing lane of traffic and ran a red light. Evidence was also presented that defendant caused more than $1,000 damage to his vehicle and was driving with a revoked driver's license. Therefore, pursuant to this Court's holding in *Wood*, we overrule defendant's contention that the trial court's instruction constituted plain error.

[3] Defendant's final issue on appeal is that the trial court committed prejudicial error when it denied his motion to dismiss the aggravating factor of negligent driving for insufficiency of the evidence. We have stated that

> [e]vidence is sufficient to sustain a conviction when, viewed in the light most favorable to the State and giving the State every reasonable inference therefrom, there is substantial evidence to support a jury finding of each essential element of the offense charged, and of defendant[] being the perpetrator of such offense.

*State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007) (citations, quotation marks, and brackets omitted). Defendant contends damage to his own property is outside the scope of negligent driving as contemplated by N.C. Gen. Stat. § 20-141.5(b)(4)(a) and, as that was the only damage caused during the incident, that aggravating factor should not have been presented to the jury. Nevertheless, in order to survive a motion to dismiss a felony charge under this statute for insufficiency of evidence, the State need not present sufficient evidence of every aggravating factor in the instruction; it need only present sufficient evidence of two of the factors. *State v. Graves*, —— N.C. App. ——, ——, 690 S.E.2d 545, 547-48 (2010), *cert. denied*, —— N.C. ——, 707 S.E.2d 233 (2011). Defendant does not challenge the sufficiency of the evidence of the remaining two aggravating factors, reckless driving or driving with a revoked driver's license, and the record indicates there was substantial evidence of both. Therefore, we decline to address the merits of defendant's argument and overrule this issue on appeal. Accordingly, we find no error in defendant's trial.

NO ERROR.

Judges CALABRIA and HUNTER, JR., Robert N. concur.