STATE OF NORTH CAROLINA v. ANDERSON SHELDON HAZELWOOD

No. COA06-1667

(Filed 6 November 2007)

**1. Appeal and Error— preservation of issues—plain error analysis unnecessary**

The trial court did not err in a double second-degree murder and felony operation of a motor vehicle to elude arrest case by concluding plain error review was not necessary for evidence introduced by the State about an officer's testimony regarding his visits to defendant at the hospital, because: (1) defendant did not waive his right to appeal the ruling under N.C. R. App. P. 10(b)(1) when, unlike with a pretrial motion in limine, defendant raised his hearsay objection while the officer was testifying moments before defendant expected the officer to deliver an allegedly inadmissible statement to the jury; (2) the officer read defendant's statement to the jury within minutes of defendant's objection and the trial court's ruling; and (3) defendant's prior objection was sufficiently contemporaneous with the challenged testimony to be considered timely for purposes of the appellate rules.

**2. Evidence— hearsay—not offered for truth of matter asserted—demonstration of malice**

The trial court did not err in a double second-degree murder and felony operation of a motor vehicle to elude arrest case by overruling defendant's hearsay objection to evidence introduced by the State regarding an officer's testimony about defendant's statement describing how his passenger told him to stop the car during a high-speed chase after defendant fled a traffic stop, because: (1) although defendant contends the statement was offered for the truth of the matter asserted, he offered no explanation for why the State would introduce his statement for such a purpose; and (2) defendant's statement was proper nonhearsay evidence introduced for the limited purpose of demonstrating malice.

**3. Constitutional Law— effective assistance of counsel—allegation of failure to make objection**

Defendant was not denied effective assistance of counsel in a double second-degree murder and felony operation of a

motor vehicle to elude arrest case based on his attorney's alleged failure to make a timely objection to an officer's testimony that defendant contended was double hearsay, because: (1) defendant's attorney did interpose a timely objection adequate to preserve the contested hearsay issue for appellate review under N.C. R. App. P. 10(b)(1); and (2) there was no error made by defense counsel.

**4. Evidence— expert testimony—exclusion—speed of vehicle**

The trial court did not err in a double second-degree murder and felony operation of a motor vehicle to elude arrest case by sustaining the State's objection to certain testimony offered by one of defendant's expert witnesses concerning the speed of defendant's vehicle when it struck a tree, because: (1) defendant was prohibited from introducing opinion testimony by a witness who did not see defendant's car in motion based on the holding in *Shaw v. Sylvester*, 253 N.C. 176 (1960); and (2) although defendant asks the Court of Appeals to reconsider the rule set out in *Shaw*, the Court cannot overrule a decision of our Supreme Court.

**5. Evidence— prior crimes or bad acts—erroneous instruction—lapsus linguae**

The trial court did not commit plain error in a double second-degree murder and felony operation of a motor vehicle to elude arrest case by its instructions to the jury that evidence of other crimes received under N.C.G.S. § 8C-1, Rule 404(b), including defendant's 2003 conviction for felony speeding to elude arrest, may not be considered to prove the character of the defendant "but to show that defendant acted is conformity therewith" because: (1) considered in the context of the entire jury instruction, the trial court's misstatement of the law was an unintentional slip of the tongue; (2) a lapsus linguae not called to the attention of the trial court when made will not constitute prejudicial error when it is apparent from a contextual reading of the charge that the jury could not have been misled by the instruction; and (3) in light of the trial court's previous instruction regarding the only proper use of the evidence, the trial court's subsequent misstatement concerning the purposes for which the jury may have considered the evidence was immaterial.

STATE v. HAZELWOOD

[187 N.C. App. 94 (2007)]

**6. Sentencing— aggravating factors—felony operation of a motor vehicle to elude arrest—unanimous verdict**

The trial court did not commit plain error by its instruction to the jury on the charge of felony operation of a motor vehicle to elude arrest even though defendant contends it did not require a unanimous verdict regarding which aggravating factors were present because, while many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses, but merely alternative ways of enhancing the punishment for the crime from a misdemeanor to a Class H felony.

Appeal by Defendant from judgments entered 2 March 2006 by Judge Henry W. Hight, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 29 August 2007.

*Attorney General Roy Cooper by Special Counsel Isaac T. Avery, III, for the State.*

*Sue Genrich Berry for Defendant.*

McGEE, Judge.

Anderson Sheldon Hazelwood (Defendant) was convicted on 2 March 2006 of two counts of second-degree murder and one count of felony operation of a motor vehicle to elude arrest. The trial court sentenced Defendant to consecutive terms of 225-279 months in prison on each charge of second-degree murder, and to a consecutive term of eleven to fourteen months on the charge of felony operation of a motor vehicle to elude arrest. Defendant appeals.

The evidence presented at trial tended to show the following: Around 10:00 p.m. on 23 October 2004, Trooper Brian W. Jones (Trooper Jones) with the North Carolina State Highway Patrol initiated a traffic stop of Defendant's car after observing Defendant driving erratically and above the posted speed limit. Defendant initially stopped his car, but as Trooper Jones approached Defendant's car, Defendant drove off at a high rate of speed. Trooper Jones returned to his vehicle and followed Defendant as he fled the traffic stop. During an ensuing high-speed chase, Defendant lost control of his vehicle and collided with a tree. Defendant's two passengers, girlfriend Shavonda Renee Commissiong (Ms. Commissiong), and her five-year-old son Jalien Anthony Commissiong, both died in the

collision. Defendant was also injured in the crash and was taken by ambulance to Wake Medical Center.

Two days later, Trooper Jones visited Defendant in the hospital. After Trooper Jones advised Defendant of his *Miranda* rights, Defendant gave a statement to Trooper Jones. Trooper Jones testified that in the statement, Defendant said that prior to the collision, Ms. Commissiong "told [Defendant] to stop, but [Defendant] told her [he] wasn't going to go to jail tonight."

At trial, Defendant stipulated that he was guilty of two counts of involuntary manslaughter. The trial court instructed the jury on second-degree murder and involuntary manslaughter, as well as felony and misdemeanor operation of a motor vehicle to elude arrest. The jury found Defendant guilty of the greater offenses.

Defendant argues that the trial court erred by allowing the State to introduce inadmissible hearsay, and by disallowing certain expert witness testimony regarding the speed of his vehicle. Defendant also argues that he was denied effective assistance of counsel at trial; that the trial court improperly instructed the jury regarding evidence admitted under N.C. Gen. Stat. § 8C-1, Rule 404(b); and that the jury instructions did not require a unanimous verdict for conviction. We find no error.

I.

[1] Defendant first assigns as error the trial court's overruling of his hearsay objection to certain evidence introduced by the State. At trial, Trooper Jones began to testify regarding his visits to Defendant in the hospital. Defendant objected to the introduction of Defendant's statement to Trooper Jones on the grounds that the statement contained inadmissible hearsay. The trial court excused the jury, heard the parties' arguments, and overruled Defendant's objection. The jury returned and Trooper Jones resumed his testimony. Shortly thereafter, Trooper Jones recited Defendant's statement to the jury. Defendant did not renew his hearsay objection at that time.

Defendant recognizes that under the North Carolina Rules of Appellate Procedure, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]" N.C.R. App. P. 10(b)(1). Defendant admits that because he did not renew his objection when Trooper Jones actually read Defendant's statement at trial, he waived his right to appeal the trial court's hearsay ruling and, therefore, Defendant requests plain

error review. Plain error review is not necessary, however, because we find that Defendant did not waive his right to appeal the trial court's hearsay ruling under N.C.R. App. P. 10(b)(1). Our courts previously have held that "a motion *in limine* is not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial." *State v. Grooms*, 353 N.C. 50, 65, 540 S.E.2d 713, 723 (2000), *cert. denied*, 534 U.S. 838, 151 L. Ed. 2d 54 (2001). However, unlike with a pretrial motion *in limine*, Defendant here raised his hearsay objection while Trooper Jones was testifying, moments before Defendant expected Trooper Jones to deliver an allegedly inadmissible statement to the jury. The trial court excused the jury and engaged in a lengthy discussion with the parties. The trial court overruled Defendant's objection, the jury returned, and the trial resumed. Trooper Jones read Defendant's statement to the jury within minutes of Defendant's objection and the trial court's ruling. Under these circumstances, N.C.R. App. P. 10(b)(1) did not require Defendant to renew his objection when Trooper Jones resumed his testimony. Defendant's prior objection was sufficiently contemporaneous with the challenged testimony to be considered "timely" for purposes of the appellate rules. The State does not suggest otherwise.

[2] With Defendant's right to appeal the trial court's hearsay ruling properly preserved, we consider the merits of Defendant's claim. Under N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005), hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Defendant concedes that the portion of the statement containing Defendant's own words: "[Defendant] told [Ms. Commissiong] [he] wasn't going to go to jail tonight," was admissible as a statement of a party-opponent under N.C. Gen. Stat. § 8C-1, Rule 801(d)(A) (2005). However, Defendant argues the trial court erred by admitting, over his objection, the portion of Defendant's statement describing how Ms. Commissiong "told [Defendant] to stop" the car, due to its double-hearsay nature. *See* N.C. Gen. Stat. § 8C-1, Rule 805 (2005) ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule[.]"). The trial court concluded that this portion of Defendant's statement was not hearsay under Rule 801(c) because it was not offered for its truth. We review the trial court's determination *de novo. See State v. Thomas*, 350 N.C. 315, 339, 514 S.E.2d 486, 501, *cert. denied*, 528 U.S. 1006, 145 L. Ed. 2d 388

(1999) (reviewing *de novo* trial court's determination that out-of-court statement was admissible for limited purpose of explaining the reaction of the person to whom the statement was made).

The State contends that Defendant's statement was offered not for its truth—that Ms. Commissiong wanted Defendant to stop the car—but rather, to prove that Defendant acted with malice, a requisite element of second-degree murder. Defendant's continued high-speed flight in response to Ms. Commissiong's request, the State contends, demonstrates that Defendant acted "so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief." *State v. Reynolds*, 307 N.C. 184, 191, 297 S.E.2d 532, 536 (1982) (defining "malice" as used in homicide law). Defendant rejects this contention and asserts that Ms. Commissiong's words as contained in Defendant's statement to Trooper Jones were introduced for their truth. However, Defendant offers no explanation for why the State would introduce his statement for such a purpose, as opposed to the purpose of demonstrating malice. Ms. Commissiong's own wishes regarding Defendant's conduct were irrelevant to the State's case; rather, it was Defendant's reaction to Ms. Commissiong's request that presented an issue at trial. We conclude that Defendant's statement was proper non-hearsay evidence introduced for the limited purpose of demonstrating malice, and we affirm the trial court's overruling of Defendant's hearsay objection. *See State v. Chapman*, 359 N.C. 328, 355, 611 S.E.2d 794, 816 (2005) (out-of-court statement admissible "to explain [the] defendant's subsequent conduct"); *Thomas*, 350 N.C. at 339, 514 S.E.2d at 501 (out-of-court statement admissible "for the limited purpose of explaining why [witness] reacted . . . as he did and his subsequent conduct").

## II.

[3] Defendant next asserts that he was denied effective assistance of counsel at trial, in violation of his federal and state constitutional rights. Defendant bases this claim on his attorney's failure to make a timely objection to Trooper Jones' testimony as discussed above. To establish a claim for ineffective assistance of counsel under either the United States Constitution or the North Carolina Constitution, Defendant must first demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [D]efendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, *reh'g denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984). *See State v. Braswell*, 312 N.C. 553, 562-63, 324

S.E.2d 241, 248 (1985) (adopting *Strickland* test). As discussed above in Part I, we find that Defendant's attorney did interpose a timely objection adequate to preserve the contested hearsay issue for appellate review under N.C.R. App. P. 10(b)(1). Therefore, with no error made by Defendant's counsel, Defendant's claim must fail.

III.

**[4]** Defendant next assigns error to the trial court's sustaining of the State's objection to certain testimony offered by one of Defendant's expert witnesses. Defendant's witness, John Flanagan (Mr. Flanagan), was tendered as an expert in speed analysis and accident reconstruction. During direct examination, defense counsel asked Mr. Flanagan for his determination of the speed of Defendant's vehicle when it struck the tree. The State objected to this question based on the rule set out in *Shaw v. Sylvester*, 253 N.C. 176, 116 S.E.2d 351 (1960):

> [O]ne who does not see a vehicle in motion is not permitted to give an opinion as to its speed. A witness who investigates but does not see a wreck may describe to the jury the signs, marks, and conditions he found at the scene, including damage to the vehicle involved. From these, however, he cannot give an opinion as to its speed. The jury is just as well qualified as the witness to determine what inferences the facts will permit or require.[1]

*Id.* at 180, 116 S.E.2d at 355. The trial court sustained the State's objection.

Defendant argues that application of the *Shaw* rule in the present case is manifestly unfair, in that the speed of Defendant's vehicle was a central issue on the question of malice, and Defendant was prohibited from introducing beneficial evidence on this question. Defendant asks that this Court reconsider the rule set out in *Shaw*. It is clear, however, that this Court may not overrule a decision of the North Carolina Supreme Court. Defendant's assignment of error is overruled.

---

1. The General Assembly recently enacted N.C. Gen. Stat. § 8C-1, Rule 702(i) (Int. Supp. 2006), which overrules *Shaw* and allows "[a] witness qualified as an expert in accident reconstruction . . . [to] give an opinion as to the speed of a vehicle even if the witness did not observe the vehicle moving." *Id.* This new evidentiary rule only applies to offenses committed on or after December 1, 2006. *See* 2006 N.C. Sess. Laws ch. 253, §§ 6, 33. Therefore, the new statute is inapplicable to the case before us, and the *Shaw* rule controls our decision here.

IV.

**[5]** Defendant next assigns as error the trial court's instructions to the jury regarding "other crimes" evidence received pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b). At trial, the State introduced evidence of Defendant's 2003 conviction for felony speeding to elude arrest. Under N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005), such evidence "is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The trial court instructed the jury, stating:

> Evidence has been received in this case tending to show that the defendant committed the felony of speeding to elude arrest on November 19, 2002. This evidence was received solely for the purpose of showing that the defendant acted with malice when he operated a motor vehicle [in the current case]. If you believe this evidence, you may consider it but only for the limited purpose for which it was received. This evidence may not be considered by you to prove the character of the defendant *but to show that the defendant acted in conformity therewith.* (emphasis added).

The State concedes that the trial court misstated the law in this jury instruction.

Defendant did not object to this instruction at trial, and therefore he did not properly preserve this issue for appellate review under N.C.R. App. P. 10(b)(2). Defendant therefore asks our Court to review the jury instruction for plain error. Plain error exists if,

> "after reviewing the entire record, it can be said the claimed error is a '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' . . . or where it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.' "

*State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill,* 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted), *cert. denied,* 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

Considered in the context of the entire jury instruction, it is clear that the trial court's misstatement of the law was an unintentional slip of the tongue. The trial court apparently intended to mirror the language of Rule 404(b), but used the incorrect phrase "but to show," rather than the correct phrase "in order to show." The North Carolina Supreme Court has held that "a lapsus linguae not called to the atten-

tion of the trial court when made will not constitute prejudicial error when it is apparent from a contextual reading of the charge that the jury could not have been misled by the instruction." *State v. Baker*, 338 N.C. 526, 565, 451 S.E.2d 574, 597 (1994). Here, the trial court correctly instructed the jury that the Rule 404(b) evidence "was received *solely* for the purpose of showing that the defendant acted with malice" (emphasis added). Therefore, in light of the trial court's previous instruction regarding the *only* proper use of the evidence, the trial court's subsequent misstatement concerning the purposes for which the jury *may* have considered the evidence was immaterial. When taken as a whole, the jury could not have been misled by the trial court's charge. *See State v. Davis*, 349 N.C. 1, 34-35, 506 S.E.2d 455, 473 (1998), *cert. denied*, 526 U.S. 1161, 144 L. Ed. 2d 219 (1999) (finding no plain error where the trial court correctly instructed the jury on the required *mens rea* for first-degree murder, but also used the improper phrase "lack of diminished capacity" as opposed to the proper phrase "lack of mental capacity" when instructing the jury regarding the defendant's defense); *Baker*, 338 N.C. at 564-65, 451 S.E.2d at 597 (finding no prejudicial error where, "[a]fter correctly instructing on the State's burden of proving each element of [first-degree kidnapping] beyond a reasonable doubt, the trial court concluded as follows: 'However, if you do not so find, or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of guilty.' "). We find that the trial court's *lapsus linguae* did not amount to plain error.

V.

**[6]** Lastly, Defendant assigns as error the trial court's instructions to the jury on the charge of felony operation of a motor vehicle to elude arrest. Defendant contends that the trial court's instruction did not require a unanimous verdict for conviction, in violation of N.C. Const. art. I, § 24 ("No person shall be convicted of any crime but by the unanimous verdict of a jury in open court."). Defendant did not raise an objection to the jury instructions at trial, but asks this Court to review the jury charge for plain error.

North Carolina law prohibits "operat[ion of] a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2005). Violation of this section is a Class 1 misdemeanor. *Id.* However, if a jury finds two or more aggravating factors present, violation of the section is consid-

ered a Class H felony. N.C. Gen. Stat. § 20-141.5(b) (2005). The statute lists eight possible aggravating factors, including: "[s]peeding in excess of 15 miles per hour over the legal speed limit," "[r]eckless driving," "[n]egligent driving leading to an accident causing . . . [p]ersonal injury," and "[d]riving when the person's drivers license is revoked." N.C.G.S. § 20-141.5(b)(1), (3)-(5). The trial court charged the jury as follows:

> [I]f you find from the evidence beyond a reasonable doubt that . . . the defendant operated a motor vehicle, on a highway, while attempting to elude . . . a highway patrolman, who was in the lawful performance of his duties, and the defendant knew or had reasonable grounds to know that [Trooper Jones] was a highway patrolman, *and that two or more of the following factors were present*: (1) Speeding in excess of 15 miles per hour over the legal speed limit, (2) Reckless driving, (3) Negligent driving leading to an accident causing death, (4) Driving while his driver's license is revoked, it would be your duty to return a verdict of guilty of felony operation of a motor vehicle to elude arrest. (emphasis added).

Defendant asserts that this instruction did not require the jury to reach a unanimous agreement regarding which aggravating factors were present. Each juror found at least two aggravating factors, but it is not certain whether the jurors were unanimous as to at least two of the same factors.

In *State v. Diaz*, 317 N.C. 545, 346 S.E.2d 488 (1986), the trial court instructed the jury to return a guilty verdict if it found that the defendant "knowingly possessed or knowingly transported marijuana." *Id.* at 553, 346 S.E.2d at 494. Noting that "[s]ubmission of an issue to the jury in the disjunctive is reversible error if it renders the issue ambiguous and thereby prevents the jury from reaching a unanimous verdict," *id.*, our Supreme Court held that the jury instruction was fatally defective because it allowed the jury to convict the defendant of either of two separate crimes, possessing marijuana or transporting marijuana, without reaching a unanimous decision as to which crime the defendant actually committed. *Id.* at 554, 346 S.E.2d at 494.

However, our Courts draw an important distinction between *Diaz* and cases in which the trial court's disjunctive instruction does not implicate two separate offenses:

[A] disjunctive instruction, which allows the jury to find a defendant guilty if he commits either of two underlying acts, *either of which is in itself a separate offense*, is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense. . . . [However,] if the trial court merely instructs the jury disjunctively as to various alternative acts *which will establish an element of the offense*, the requirement of unanimity is satisfied.

*State v. Lyons*, 330 N.C. 298, 302-03, 412 S.E.2d 308, 312 (1991). The question of whether the trial court's instruction in the case before us falls into either the former or latter category has already been conclusively answered by this Court. In *State v. Funchess*, 141 N.C. App. 302, 540 S.E.2d 435 (2000), the defendant raised an identical argument with regard to N.C.G.S. § 20-141.5. Finding no error with the trial court's disjunctive jury instruction, we held that while "many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses as in *Diaz*, but are merely alternate ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony." *Id.* at 309, 540 S.E.2d at 439. We are bound by our prior holding in *Funchess, see In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), and we find no error with the trial court's instruction to the jury. *See also State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990) (distinguishing *Diaz* and finding no prejudicial error where trial court instructed jury on the various types of inappropriate sexual conduct that could constitute an "indecent liberty" for purposes of the offense of taking indecent liberties with a minor).

No error.

Judges STEPHENS and SMITH concur.