STATE OF NORTH CAROLINA v. STEVE WILSON

No. COA10-268

(Filed 19 October 2010)

**1. Appeal and Error— plain error review—prior objection to another witness—not sufficiently contemporaneous**

Defendant did not timely object to testimony about the nature of prior warrants on which he was being arrested when he struggled with the officer, and the appellate review was for plain error only. Defendant objected when the arresting officer testified, but the evidence was actually given subsequently without objection by another officer.

**2. Evidence— nature of prior warrants—no plain error**

In a prosecution arising from an attempted arrest, there was no plain error in admitting testimony about the nature of the warrants on which defendant was being arrested when he struggled with the officer. The evidence against defendant was substantial and the violent nature of the crimes in the arrest warrants was relevant to understanding both the states of mind and actions of defendant and the officer.

**3. Evidence— hearsay—internal affairs report—no plain error**

There was no plain error in a prosecution arising from a struggle following an attempted arrest where the results of an internal affairs investigation that cleared the officer were admitted. The evidence of the offenses arising from the attempted arrest was overwhelming and defendant could not meet his burden of showing that evidence of the investigation altered the outcome of the trial.

Appeal by defendant from judgments entered 28 August 2009 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 15 September 2010.

*Attorney General Roy Cooper, by Assistant Attorney General M. Elizabeth Guzman, for the State.*

*Paul F. Herzog for defendant-appellant.*

BRYANT, Judge.

**STATE v. WILSON**

[207 N.C. App. 492 (2010)]

Where a defendant fails to object to the admission of evidence and, on appeal, cannot show that the admission was error so fundamental that the jury probably would have reached a different result without the admission, he fails to show plain error and is not entitled to a new trial.

### Facts

The evidence at trial tended to show the following. On 29 February 2008, Sergeant Tivon M. Howard of the Zebulon Police Department arrived to work the night shift and was told to be on the lookout for defendant Steve Wilson and an unknown black female in a red Pontiac Sunfire automobile. The two were sought in connection with felony warrants involving an assault and use of a firearm. Sgt. Howard was advised to use heightened caution in approaching defendant due to the nature of the offenses for which he was wanted. Sgt. Howard knew defendant from prior encounters. While on patrol that night, Sgt. Howard saw a red Sunfire at the gas pump of a convenience store. He parked his patrol car and entered the store. Sgt. Howard recognized a man in the store as defendant, and, as the man approached the counter, Sgt. Howard asked if he was Steve Wilson. When defendant became nervous, began stuttering, and failed to respond to the question, Sgt. Howard felt confident that defendant was Steve Wilson. Sgt. Howard advised defendant that he was wanted on active warrants and was under arrest.

Sgt. Howard then moved to block defendant's access to the door of the convenience store and approached him from behind with handcuffs. Sgt. Howard got one wrist handcuffed, but defendant repeatedly jerked his other wrist away, asking why he was being arrested. Sgt. Howard responded that he would tell defendant why he was being arrested once the handcuffs were on and ordered defendant to put his hands behind his back. Defendant refused and Sgt. Howard attempted to use his taser to subdue defendant. The taser failed to work and Sgt. Howard then sprayed defendant with "Cap Stun" chemical spray. Only some of the spray hit defendant who then charged Sgt. Howard. Sgt. Howard managed to get defendant in a headlock, but defendant grabbed the officer's service weapon and fired it at him. Sgt. Howard ducked behind the store's counter and was not struck by the bullet. Defendant then fled the store and drove away as the store clerk called 911. Sgt. Howard also radioed for help and explained the events that had occurred in the store.

Officer Edwin Killette, also of the Zebulon Police Department, heard Sgt. Howard's radio call. Shortly thereafter, Officer Killette heard

a Wendell Police Department officer's radio call that a vehicle matching the description of defendant's was seen parked near some woods. When he arrived at the location, Officer Killette saw the red Sunfire and defendant crouching in some nearby bushes. Officer Killette and other officers who responded as back-up identified themselves as police officers and told defendant to stop. Instead, defendant ran. He was eventually found hiding beneath a propane tank, still wearing Sgt. Howard's handcuffs on one wrist.

The officers arrested defendant who stated that he needed medical treatment for his diabetes. While en route to the hospital, defendant stated, "It was an accident. It wasn't intentional." Defendant said he was sorry and claimed that he reacted to Sgt. Howard as he did because of his military service. Defendant also claimed that Sgt. Howard's use of the taser and chemical spray was unnecessary. A subsequent internal affairs investigation exonerated Sgt. Howard of any wrongdoing during the attempted arrest of defendant.

Defendant was indicted on charges of kidnapping, assault with a firearm on a law enforcement officer, possession of a firearm by a felon, and having attained the status of violent habitual felon. Defendant's trial at the August 24 criminal session of Wake County Superior Court was bifurcated, with the substantive charges being heard in the initial proceeding and the violent habitual felon status being heard on the final day of the trial. Prior to trial, defendant moved to suppress evidence and statements, which motion the trial court denied. At the hearing on defendant's pretrial motion to suppress, the State offered details about the nature of the unserved warrants which led to Sgt. Howard's attempted arrest of defendant. The evidence tended to show that the warrants were connected to an altercation between defendant's sister and her boyfriend on 16 February 2008. Following a fight between defendant's sister and her boyfriend, defendant accompanied his sister to the boyfriend's residence where he allegedly broke in and held several people inside at gunpoint. Warrants were then issued against defendant for kidnapping, burglary, possession of a firearm by a felon, assault with a deadly weapon inflicting serious injury, and assault by pointing a gun.

On the first day of trial, defendant moved to be allowed to represent himself. The trial court allowed defendant's motion and allowed defendant's request that his appointed counsel remain as standby counsel. At the close of evidence in the first phase of the trial, the State dismissed the kidnapping charge. Defendant was found guilty of assault with a firearm on a law enforcement officer and possession of a firearm by a

felon. Defendant was represented by his appointed counsel in the second phase of the trial and was found guilty of having attained the status of violent habitual felon. The trial court sentenced defendant to life in prison without parole. Defendant appeals.

On appeal, defendant presents two arguments: the trial court erred in allowing the State to offer evidence about (I) the nature of the unserved warrants for which Sgt. Howard attempted to arrest him, and (II) the outcome of the internal affairs investigation clearing Sgt. Howard of wrongdoing in the attempted arrest.

*Standard of Review*

As our Supreme Court has noted that

[t]he general rule regarding admission of evidence is that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of North Carolina, by Act of Congress, by Act of the General Assembly, or by [the Rules of Evidence]." N.C.G.S. § 8C-1, Rule 402 (2003). The Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.*, Rule 401. Further, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.*, Rule 403 (2003). The decision whether to exclude evidence under Rule 403 of the Rules of Evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion. *See State v. Williams*, 334 N.C. 440, 460, 434 S.E.2d 588, 600 (1993), *judgment vacated on other grounds sub nom. North Carolina v. Bryant*, 511 U.S. 1001, 128 L. Ed. 2d 42 (1994), and *cert. denied*, 516 U.S. 833, 133 L. Ed. 2d 61 (1995); *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Hennis*, 323 N.C. at 285, 372 S.E.2d at 527.

*State v. Campbell*, 359 N.C. 644, 672-73, 617 S.E.2d 1, 19 (2005), *cert. denied, Campbell v. N.C.*, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006).

However, where a defendant does not object to the admission of evidence at trial, we review only for plain error. *State v. Gary*, 348 N.C. 510, 518, 501 S.E.2d 57, 63 (1998). "Under a plain error analysis, [a]defendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 1032 (2002) (citation omitted).

I

[1] Defendant first argues that the trial court erred in allowing evidence about the specific offenses listed in the unserved warrants for which Sgt. Howard attempted to arrest him. We disagree.

During *voir dire* at trial, the State informed the trial court that it planned to ask Sgt. Howard about the nature of the warrants in order to counter any suggestion by defendant that Sgt. Howard had been unreasonable in his use of force during the attempted arrest. Defendant, acting *pro se*, objected on grounds that the nature of the warrants was irrelevant. The trial court overruled the objection on grounds that the nature of the warrants was relevant to the mental states of both Sgt. Howard and defendant during the attempted arrest and because defendant had asked about the warrants during his cross-examination of another police officer called by the State.

However, back in front of the jury, testimony about the nature of the warrants actually came in not from Sgt. Howard, but rather via the testimony of Detective Sergeant Candace Thompson of the Zebulon Police Department. On direct examination, Det. Thompson listed the offenses named in the warrants and testified that she had told Sgt. Howard to be cautious because defendant was wanted on "felony warrants" and that "there was a gun involved." Defendant did not object to Det. Thompson's testimony.

Defendant contends he properly preserved this issue for our review by way of his objection to the State's attempt to elicit testimony about the nature of the warrants from Sgt. Howard, citing *State v. Hazelwood* in support of his contention. 187 N.C. App. 94, 652 S.E.2d 63 (2007), *cert denied*, 363 N.C. 133, 673 S.E.2d 867 (2009). We find *Hazelwood* inapposite.

In order to preserve an issue for appellate review, a defendant must make a timely objection at trial. N.C. R. App. P. 10(a)(1) (2009). In *Hazelwood*, the defendant

raised his hearsay objection while Trooper Jones was testifying, moments before [the d]efendant expected Trooper Jones to deliver an allegedly inadmissible statement to the jury. The trial court excused the jury and engaged in a lengthy discussion with the parties. The trial court overruled [the d]efendant's objection, the jury returned, and the trial resumed. Trooper Jones read [the d]efendant's statement to the jury within minutes of [the d]efendant's objection and the trial court's ruling. Under these circumstances, [the rules of appellate procedure] did not require [the d]efendant to renew his objection when Trooper Jones resumed his testimony. Defendant's prior objection was sufficiently contemporaneous with the challenged testimony to be considered "timely" for purposes of the appellate rules.

187 N.C. App. at 98, 652 S.E.2d at 66. Thus, in *Hazelwood*, the testimony came in from the same witness and "within minutes" of the defendant's objection. Here, in contrast, defendant objected to testimony from Sgt. Howard which objection the trial court overruled. However, the specific testimony which defendant now challenges was from a different witness, Det. Thompson. Although the record does not reflect the exact amount of time which elapsed between defendant's objection and Det. Thompson's testimony, it was more than a few minutes. Defendant's objection occurred before Sgt. Howard was called to the stand. The trial court then sent the jury out, conducted a *voir dire* hearing, ruled on the objection, and recalled the jury. Sgt. Howard then gave direct testimony and was cross-examined, and another witness was called and gave testimony before Det. Thompson was called to testify. More than150 pages of trial transcript separate defendant's objection from the challenged testimony. On these facts, we conclude that defendant's objection was not timely and, thus, we review for plain error only.

[2] We conclude that defendant fails to meet his burden to show that, but for the admission of Det. Thompson's testimony, he would not have been convicted. As discussed above, the evidence against defendant on the charges related to resisting arrest was substantial. In addition, Sgt. Howard testified, without objection, about the general nature of the warrants against defendant; namely, that they were for violent felonies and that, as a result, he proceeded using "the highest alert level." We agree with the trial court that the violent nature of the crimes listed in defendant's arrest warrants was relevant to understanding both Sgt. Howard's and defendant's actions and states of mind during the attempted arrest. We see no prejudicial error in the admission of Det.

Thompson's testimony listing the specific offenses in the warrants. This argument is overruled.

*II*

[3] Defendant also argues that the trial court erred in admitting evidence about the outcome of the internal affairs investigation clearing Sgt. Howard of wrongdoing in the attempted arrest. We disagree.

At trial, the State called Sgt. Howard and questioned him about the results of the internal affairs investigation into his actions during his attempted arrest of defendant. Sgt. Howard testified that he had been "completely exonerated." The State also called Sergeant Scott Finch of the Zebulon Police Department and questioned him about the internal affairs investigation. Sgt. Finch testified that the investigation concluded that "no violations" of department policies occurred and that Sgt. Howard was "exonerated in this matter." A copy of the internal affairs investigation report was also admitted into evidence. Defendant objected to neither Sgt. Howard's nor Finch's testimony nor to the report. Thus, we review admission of this evidence for plain error.

On appeal, defendant contends that the report and the officers' testimony were inadmissible hearsay. However, we do not need to address this contention, because we conclude that, even if the admission was error, it did not alter the outcome of defendant's trial and entitle him to a new trial. *See Jones,* 355 N.C. at 125, 558 S.E.2d at 103. To show plain error, defendant must show that the jury would probably not have convicted him of assault with a firearm on a law enforcement officer had it not known that an internal affairs investigations cleared Sgt. Howard of wrongdoing. The elements of this offense are: "(1) an assault; (2) with a firearm; (3) on a law enforcement officer; (4) while the officer is engaged in the performance of his or her duties." *State v. Haynesworth,* 146 N.C. App. 523, 531, 553 S.E.2d 103, 109 (2001); (citing N.C. Gen. Stat. § 14-34.5). The evidence presented at trial was overwhelming as to these elements.

In addition to the testimony from Sgt. Howard about defendant's actions during the attempted arrest, the State presented testimony from the owner of the convenience store where the incident took place and a clerk working there at the time. The owner testified, *inter alia,* that Sgt. Howard told defendant he was under arrest and asked him to put his hands behind his back to be handcuffed; defendant resisted and struggled with Sgt. Howard; Sgt. Howard tried to use his taser but it failed to hit defendant; Sgt. Howard then used his chemical spray; defendant

tried to flee the store; a struggle ensued; and defendant eventually fired a gun at Sgt. Howard. The clerk also testified that defendant resisted when Sgt. Howard told him he was under arrest. The clerk stated that defendant repeatedly jerked or pulled away from Sgt. Howard as he tried to put the handcuffs on him. Finally, a videotape from the store's security camera was played for the jury which allowed them to see for themselves what occurred during the attempted arrest. Even if admission of evidence regarding the outcome of the internal affairs investigation was error, defendant cannot meet his burden to show it altered the outcome of the trial. This argument is overruled.

No error.

Judges STEELMAN and BEASLEY concur.