An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-423

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

   v.                              Richmond County
                                   No. 10 CRS 52627
ALICE DEWANNA GRAHAM


Appeal by defendant from judgment entered 6 November 2013 by Judge Mark Klass in Richmond County Superior Court.  Heard in the Court of Appeals 22 September 2014.

*Attorney General Roy Cooper, by Assistant Attorney General David L. Gore, III, for the State.*

*Jon W. Myers for defendant-appellant.*


McCULLOUGH, Judge.


Defendant Alice Dewanna Graham appeals from a judgment entered upon a jury verdict finding her guilty of trafficking in cocaine by possession.  The trial court sentenced defendant to a mandatory term of 70 to 84 months imprisonment.  Defendant appeals.

At trial, the State's evidence tended to show that in September 2010 law enforcement officers set up a controlled buy

of cocaine targeting Anthony McLaurin. On 13 September 2010 an informant telephoned McLaurin to set up a drug deal wherein McLaurin would supply the informant with several ounces of cocaine. The deal was ultimately set to be conducted at a strip mall in Rockingham, North Carolina, on 15 September 2010, and the informant was instructed to look for a gray Ford Explorer.

Under the surveillance of law enforcement officers, the informant drove to the strip mall and entered a gray Ford Explorer. Defendant sat in the driver's seat and was the only person in the vehicle apart from the informant. The informant briefly exited the Ford Explorer, signaling law enforcement officers to move in. Officers took defendant into custody and found a package containing nine ounces of cocaine on the front passenger floorboard of the Ford Explorer.

Defendant now argues the trial court erred by allowing into evidence testimony from the informant that he knew defendant from previous encounters where she delivered drugs to him. Defendant asserts that the trial court should have excluded the testimony because the court had already sustained an objection to similar testimony. We disagree.

During the State's questioning of its informant, the prosecutor inquired as to the informant's prior acquisitions of cocaine:

> Q And who normally brings the drugs when you order it?
>
> A Well - like bring it?
>
> Q Yes, sir.
>
> A She brought it to me like --

Immediately upon hearing the informant implicate defendant as the person who had previously brought him the drugs, defendant's trial counsel objected and the trial court excused the jury from the courtroom. The court then conducted a voir dire of the informant and heard arguments from counsel as to whether it should allow the informant's testimony under Rules 403 and 404(b) of the North Carolina Rules of Evidence. The court sustained defendant's objection, whereupon it called the jury back into the courtroom and the State proceeded with its questioning of the informant.

Shortly thereafter, the informant again implicated defendant as the person who brought him cocaine in prior transactions:

> Q Let's talk a little about your relationship with Anthony McLaurin, who was the subject of the drug transaction.

How long have you known Anthony?

A It was probably -- When I was in school. Probably since like 2007.

Q Was it unusual for him to send somebody else to bring the drugs when you ordered it?

A I used to get it from him. But during that time he would --

Q He'd send other people?

A Yeah. He would send her - just her. That's the only other person I seen besides him.

Defendant's trial counsel did not object to this second identification of defendant as the person who would bring cocaine to the informant, and defendant now argues it was error for the trial court to allow the second identification into evidence.

We first address the standard of review under which defendant's argument will be decided. Generally, "[w]here evidence is admitted without objection, the benefit of a prior objection to the same or similar evidence is lost, . . . [and a] defendant is entitled to relief . . . only if he can demonstrate plain error." *State v. Berry*, 143 N.C. App. 187, 193, 546 S.E.2d 145, 151 (quotations and citations omitted), *disc. review denied*, 353 N.C. 729, 551 S.E.2d 439 (2001). Defendant, however, argues her objection to the first instance in which the

informant identified her as a person who brought him cocaine was sufficiently contemporaneous with the second instance that she was not required to renew the objection to the second identification. *See State v. Hazelwood*, 187 N.C. App. 94, 652 S.E.2d 63 (2007). However, the first identification of defendant by the informant was made before her objection and, because she failed to make a motion to strike the testimony after her objection was sustained, she waived her objection and the testimony remained in evidence. *See State v. Price*, 301 N.C. 437, 451, 272 S.E.2d 103, 112-13 (1980); *see also State v. Gamez*, ___ N.C. App. ___, ___, 745 S.E.2d 876, 877, ("Where inadmissibility of testimony is not indicated by the question, but appears only in the witness' response, the proper form of objection is a motion to strike the answer, or the objectionable part of it, made as soon as the inadmissibility is evident. When counsel objects after a witness has answered the question and fails to make a motion to strike, the objection is waived." (citations and quotation marks omitted)), *disc. review denied*, 367 N.C. 256, 749 S.E.2d 848 (2013). Accordingly, regardless of whether or not defendant's initial objection was sufficiently contemporaneous to the second identification, defendant waived

the objection and this Court will only review her argument under the plain error standard of review.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations, quotation marks, and brackets omitted); *see also State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993) ("Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result.").

Here, even assuming admission of the second identification was error, defendant cannot show the prejudice necessary to establish plain error. Defendant waived her objection to the first identification by not moving to strike the informant's testimony, and thus evidence that defendant had previously brought cocaine to defendant was already before the jury. Defendant does not challenge the admissibility of the first

identification, and thus we cannot say the second identification had a probable impact on the jury's verdict. Accordingly, we hold defendant received a fair trial, free from prejudicial error.

No error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).