STATE OF NORTH CAROLINA v. ELBERT LEBRON WOODARD

No. COA00-1033

(Filed 4 September 2001)

**1. Homicide— first-degree murder—felony murder rule— assault with deadly weapon inflicting serious injury—operation of motor vehicle to elude arrest**

The trial court erred by allowing the underlying felonies of assault with a deadly weapon inflicting serious injury and operation of a motor vehicle to elude arrest to support the State's application of the felony murder rule and defendant's subsequent conviction of first-degree ,murder, because: (1) our Supreme Court has already held that it is improper to base a first-degree murder charge on the underlying felony of assault with a deadly weapon inflicting serious injury; and (2) felonious operation of a motor vehicle to elude arrest under N.C.G.S. § 20-141.5 does not provide an intent requirement for the aggravating factors necessary to raise the violation from a misdemeanor to a felony, and culpable negligence cannot serve as the basis for intent in a first-degree murder conviction.

**2. Evidence— prior crime or act—DWI convictions**

The trial court did not err in a first-degree murder case, arising out of a fatal vehicle collision occurring after defendant drove his vehicle at an excessive rate of speed through an intersection in an effort to elude pursuing law enforcement officers, by admitting evidence of and instructing the jury on defendant's prior DWI charges and convictions because: (1) evidence of other crimes or wrongful acts by a defendant may be used under N.C.G.S. § 8C-1, Rule 404(b) to demonstrate malice; and (2) defendant's prior DWI convictions tended to demonstrate that defendant was aware that his conduct leading up to the collision in this case was reckless and inherently dangerous to human life.

Appeal by defendant from judgment entered 10 December 1999 by Judge Thomas D. Haigwood in Johnston County Superior Court. Heard in the Court of Appeals 16 August 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, and Assistant Attorney General Patricia A. Duffy, for the State.*

*Mark D. Montgomery for defendant appellant.*

McCULLOUGH, Judge.

On 10 December 1999, a jury found defendant Elbert Lebron Woodard guilty of first-degree murder in connection with the death of Victor Manuel Illas, who died after his vehicle was struck by that driven by defendant. Matilda Pemberton, who was a passenger in Mr. Illas' vehicle, was severely injured in the collision. The jury also found defendant guilty of assault with a deadly weapon inflicting serious injury and felonious operation of a motor vehicle to elude arrest, the two felonies upon which defendant's murder conviction was based. The trial court arrested judgment in the convictions of assault with a deadly weapon inflicting serious injury and felonious operation of a motor vehicle to elude arrest, and sentenced defendant to life in prison for first-degree murder.

At trial, the evidence tended to show the fatal collision occurred after defendant drove his vehicle at an excessive rate of speed through an intersection in an effort to elude pursuing law enforcement officers. Witnesses estimated defendant's speed to be at least seventy miles per hour when he entered the intersection, where the posted speed limit was thirty-five miles per hour. Defendant's vehicle, a green Lincoln Town Car, collided with a white Honda Prelude driven by eighteen-year-old Victor Illas. According to North Carolina Highway Patrol Trooper C. H. Alford, who had been pursuing defendant, the "Honda Prelude just disintegrated" upon impact. The force of the blow threw Mr. Illas from his vehicle, killing him instantly. In order to reach seventeen-year-old Matilda Pemberton, rescue workers were forced to remove the roof of the vehicle, which "was literally wrapped around her." Ms. Pemberton spent a week in the hospital recovering from her injuries, which included six broken ribs, a bruise to her heart, a punctured lung, and numerous lacerations.

Immediately after the collision, State Highway Patrol Officers discovered defendant hiding under an automobile in a nearby parking lot. Defendant's face was bleeding heavily, and he smelled strongly of alcohol. The results of an Intoxilyzer test confirmed defendant to be appreciably impaired. State troopers later discovered defendant's

drivers license was suspended at the time of the collision due to several past and pending DWI convictions.

The State tried defendant non-capitally for first-degree murder, proceeding under a somewhat novel theory of criminal liability first presented for review by this Court in *State v. Jones*, 133 N.C. App. 448, 516 S.E.2d 405 (1999), *affirmed in part, reversed in part*, 353 N.C. 159, 538 S.E.2d 917 (2000); and *State v. Blackwell*, 135 N.C. App. 729, 522 S.E.2d 313 (1999), *certs. allowed*, 351 N.C. 360, 541 S.E.2d 731, 351 N.C. 361, 541 S.E.2d 731 (1999). Applying the felony murder rule, the State charged defendant with first-degree murder based upon the underlying felonies of assault with a deadly weapon inflicting serious injury and operation of a motor vehicle to elude arrest. In *Jones* and *Blackwell*, the underlying felony was also assault with a deadly weapon inflicting serious injury, which may be proven by showing culpable negligence by defendant. *See Jones*, 133 N.C. App. at 453, 516 S.E.2d at 409; *Blackwell*, 135 N.C. App. at 730, 522 S.E.2d at 315. During the pendency of present defendant's appeal, our Supreme Court concluded in these cases that the intent requirement for a first-degree murder charge cannot be supported by culpable negligence, and accordingly reversed and remanded both cases. *See Jones*, 353 N.C. at 172, 538 S.E.2d at 927; *Blackwell*, 353 N.C. at 259, 538 S.E.2d at 929.

[1] Defendant now argues the trial court erred in allowing the underlying felonies of assault with a deadly weapon inflicting serious injury and operation of a motor vehicle to elude arrest to support the State's application of the felony murder rule and defendant's subsequent conviction of first-degree murder. The State concedes that, in light of our Supreme Court's decision in *Jones*, it was improper to base defendant's first-degree murder charge on the underlying felony of assault with a deadly weapon inflicting serious injury. The State contends, however, that defendant's conviction was nevertheless proper, as the jury also based their verdict on the underlying felony of operation of a motor vehicle to elude arrest. For reasons set forth herein, we disagree with the State and remand defendant's case to the trial court for a new trial on the murder charge and re-sentencing on the defendant's convictions of assault with a deadly weapon inflicting serious injury and felonious operation of a motor vehicle to elude arrest.

The felony murder rule in North Carolina applies to any killing "committed in the perpetration or attempted perpetration of any

arson, rape or a sex offense, robbery, kidnapping, burglary, or other felony committed or attempted with the use of a deadly weapon." N.C. Gen. Stat. § 14-17 (1999). All of the enumerated offenses contained in the felony murder statute require actual, rather than implied intent on the part of the accused in order to support a conviction for first-degree murder. *See Jones*, 353 N.C. at 167-68, 538 S.E.2d at 924-25. In other words, "the accused must be purposely resolved to commit the underlying crime in order to be held accountable for unlawful killings that occur during the crime's commission." *Id.* at 167, 538 S.E.2d at 924. Culpable or criminal negligence cannot serve as the basis for a first-degree murder conviction. *See id.* at 169, 538 S.E.2d at 925. The State argues the underlying felony of operation of a motor vehicle to elude arrest supports defendant's first-degree murder conviction in that defendant purposely and knowingly drove his vehicle at an excessive rate of speed in order to elude arrest. The State contends defendant's actions satisfy the intent requirement set forth in *Jones* that an accused "be purposely resolved to participate in the conduct that comprises the criminal offense" in order to be charged with first-degree murder under the felony murder rule. *Jones*, 353 N.C. at 167, 538 S.E.2d at 924. Thus, according to the State, defendant was properly charged under the felony murder rule's umbrella grouping of "other felon[ies] committed or attempted with the use of a deadly weapon." N.C. Gen. Stat. § 14-17. It is well settled in North Carolina that an automobile may be used as a deadly weapon. *See State v. Eason*, 242 N.C. 59, 65, 86 S.E.2d 774, 778 (1955); *State v. McBride*, 118 N.C. App. 316, 318-19, 454 S.E.2d 840, 841-42 (1995).

The Supreme Court in *Jones* lists numerous crimes that have qualified as underlying felonies under the catchall grouping of felonies committed or attempted with the use of a deadly weapon as stated in N.C. Gen. Stat. § 14-17. *See Jones*, 353 N.C. at 168, 538 S.E.2d at 924-25 (listing various felonies, including, *inter alia*, discharge of a firearm into an occupied vehicle or structure, felonious escape, and armed felonious breaking and entering and larceny). In each of these crimes, actual intent to commit the felony is a necessary element for conviction. *See id.* The State contends felonious operation of a motor vehicle to elude arrest is a specific intent crime, and therefore properly supports defendant's first-degree murder conviction. We now examine the essential elements of the crime of felonious operation of a motor vehicle to elude arrest.

N.C. Gen. Stat. § 20-141.5 (1999) provides, in relevant part:

**STATE v. WOODARD**

[146 N.C. App. 75 (2001)]

(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

(2) Gross impairment of the person's faculties while driving due to:

    a. Consumption of an impairing substance; or

    b. A blood alcohol concentration of 0.14 or more within a relevant time after the driving.

(3) Reckless driving as proscribed by G.S. 20-140.

(4) Negligent driving leading to an accident causing:

    a. Property damage in excess of one thousand dollars ($1,000); or

    b. Personal injury.

(5) Driving when the person's drivers license is revoked.

(6) Driving in excess of the posted speed limit, during the days and hours when the posted limit is in effect, on school property or in an area designated as a school zone pursuant to G.S. 20-141.1, or in a highway work zone as defined in G.S. 20-141(j2).

(7) Passing a stopped school bus as proscribed by G.S. 20-217.

(8) Driving with a child under 12 years of age in the vehicle.

*Id.* The State admits that N.C. Gen. Stat. § 20-141.5, on its face, does not specify a required state of mind, i.e., general or specific intent, as an element of the crime of felonious operation of a motor vehicle to elude arrest. The State argues the pattern jury instructions for violation of N.C. Gen. Stat. § 20-141.5 provide the proper *mens rea* and

establish felonious operation of a motor vehicle as a specific intent crime. The pattern jury instruction for operation of a motor vehicle to elude arrest reads, in pertinent part, as follows:

> A person [flees] [attempts to elude] arrest or apprehension by a law enforcement officer when he knows or has reasonable grounds to know that an officer is a law enforcement officer, is aware that the officer is attempting to arrest or apprehend him, and acts with the purpose of getting away in order to avoid arrest or apprehension by the officer.

N.C.P.I.—Crim. 270.54A (1998). The State contends that, because the prosecution must prove beyond a reasonable doubt that a defendant charged with a violation of N.C. Gen. Stat. § 20-141.5 knowingly and intentionally sped in order to elude law enforcement officers, felonious operation of a motor vehicle to elude arrest is a specific intent crime and may properly serve as the underlying felony in a first-degree murder charge. We disagree.

As stated above, N.C. Gen. Stat. § 20-141.5(a) prohibits the operation of a motor vehicle in order to elude law enforcement officers. Violation of this section is a Class 1 misdemeanor. *See* N.C. Gen. Stat. § 20-141.5(a). The crime does not become a felony unless two or more of the aggravating factors listed in the statute are present at the time of the violation. *See* N.C. Gen. Stat. § 20-141.5(b)(1-8); *State v. Funchess*, 141 N.C. App. 302, 307, 540 S.E.2d 435, 438 (2000). The aggravating factors used to elevate a violation of this statute to a felony include both negligent and reckless driving. *See* N.C. Gen. Stat. § 20-141.5(b)(3)(4). Thus, while we agree that a defendant accused of violating N.C. Gen. Stat. § 20-141.5 must actually intend to operate a motor vehicle in order to elude law enforcement officers, there is no intent requirement for the aggravating factors necessary to raise the violation from a misdemeanor to a felony. In other words, an accused may actually intend to commit the misdemeanor, but only negligently commit the felony. As stated heretofore, culpable negligence cannot serve as the basis for intent in a first-degree murder conviction. *See Jones*, 353 N.C. at 169, 538 S.E.2d at 925. We conclude, therefore, that the intent required for a violation of N.C. Gen. Stat. § 20-141.5 falls short of the "actual intent to commit the felony" necessary for a first-degree murder conviction. *Jones*, 353 N.C. at 168, 538 S.E.2d at 925.

Furthermore, we note that under the State's interpretation of *Jones*, a person who speeds in an effort to elude law enforcement

officers, and who thereby negligently or recklessly causes an accident resulting in death would be eligible for prosecution for first-degree murder under the felony murder rule. Thus, a person who negligently causes an accident would be treated no differently from one who intentionally causes a death, as long as the negligent person intended to speed in order to elude arrest. Like the Court in *Jones*, we can find no language in N.C. Gen. Stat. § 20-141.5 suggesting that our state's Legislature intended such a result. *See Jones*, 353 N.C. at 169-70, 538 S.E.2d at 925-26 (noting the Legislature has enacted separate statutes specifically addressing punishment for homicides arising from impaired or negligent drivers). *See also* N.C. Gen. Stat. § 20-141.5(d) (stating that the punishment for felonious operation of a motor vehicle to elude arrest may include revocation of the accused's drivers license for up to three years). "It is apparent that the General Assembly has demonstrated its belief that the conduct described, though egregious and deserving of severe punishment, does not warrant the severity of sanctions concomitant with felony murder." *Jones*, 353 N.C. at 170, 538 S.E.2d at 926.

Because neither assault with a deadly weapon inflicting serious injury nor felonious operation of a motor vehicle may serve as the underlying felonies in a first-degree murder conviction, we hold the trial court improperly denied defendant's motion to dismiss the first-degree murder indictment. Accordingly, defendant's first-degree murder conviction must be reversed. Furthermore, we find there is ample evidence in the record to support a charge of the lesser included offense of second-degree murder. *See State v. Rich*, 351 N.C. 386, 395, 527 S.E.2d 299, 304 (2000) (upholding a second-degree murder conviction in a DWI-related collision causing death where evidence demonstrated that defendant acted with malice). Therefore, we remand this case for a new trial.

[2] Defendant additionally contends the trial court erred by admitting evidence of and instructing the jury on defendant's prior DWI charges and convictions. We disagree. In *Jones* our Supreme Court stated, "Evidence of defendant's pending DWI charge was used to demonstrate that he had the requisite state of malice, one of the elements of the charge of second-degree murder that was submitted to the jury." *Jones*, 353 N.C. at 172, 538 S.E.2d at 928. Under Rule 404(b) of the North Carolina Rules of Evidence, evidence of other crimes or wrongful acts by a defendant may be used to demonstrate malice. N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999); *Jones*, 353 N.C. at 172-73, 538 S.E.2d at 928. Defendant's past DWI convictions tended to

"demonstrate that defendant was aware that his conduct leading up to the collision at issue here was reckless and inherently dangerous to human life" and thus were properly admitted and included in the jury instructions at trial. *Jones*, 353 N.C. at 173, 538 S.E.2d at 928.

In light of our holding, we need not address further arguments by defendant concerning selective prosecution, the short-form murder indictment, and constitutional violations. In conclusion, we affirm defendant's convictions of assault with a deadly weapon inflicting serious injury and felonious operation of a motor vehicle to elude arrest. As we have reversed defendant's conviction and sentence for first-degree murder, however, it is not necessary to arrest judgments for the assault with a deadly weapon inflicting serious injury and felonious operation of a motor vehicle to elude arrest convictions, as they are no longer underlying felonies for the murder. We thus remand these convictions for sentencing. We reverse defendant's conviction and sentence of life imprisonment without parole for the first-degree murder of Victor Manuel Illas, and we remand this case for a new trial and re-sentencing.

New trial.

Judges MARTIN and BIGGS concur.