STATE OF NORTH CAROLINA v. SANDY DELANDORE GRAVES

No. COA09-595

(Filed 16 March 2010)

**1. Motor Vehicles— felony speeding to elude arrest—driving while license revoked—motion to dismiss—sufficiency of evidence**

Although the trial court did not err by denying defendant's motion to dismiss the charge of felony speeding to elude arrest, it erred by denying his motion to dismiss the crime of driving while license revoked based on insufficient evidence as conceded by the State in its brief.

**2. Criminal Law— deviation from pattern jury instruction— reasonable doubt**

The trial court did not err or commit plain error by deviating from the pattern jury instructions' definition of reasonable doubt. The trial court's instruction was substantially correct and omission of the word "fully" did not constitute plain error.

**3. Motor Vehicles— felony speeding to elude arrest—pattern jury instruction**

The trial court did not err or commit plain error by using the pattern jury instruction for felony speeding to elude arrest even

though defendant contended it contained a lower standard of knowledge than that required by the statute. The instruction merely allowed the jury to find either actual knowledge or implied knowledge that the officer in question was a law enforcement officer.

Appeal by defendant from judgments entered 7 January 2009 by Judge James W. Webb in Rockingham County Superior Court. Heard in the Court of Appeals 30 November 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Kathryne E. Hathcock, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant.*

ELMORE, Judge.

A jury found Sandy Delandore Graves (defendant) guilty of the following crimes: felony speeding to elude arrest, driving while license revoked, reckless driving to endanger, and level two driving while impaired. Following these convictions, defendant pled guilty to being a habitual felon. The trial court sentenced defendant to 133 to 145 months' imprisonment for felony speeding to elude arrest, 120 days' imprisonment for driving while license revoked and reckless driving to endanger, and twelve months' imprisonment for driving while impaired. Defendant now appeals. After careful consideration, we vacate defendant's conviction for driving while license revoked. As to his other convictions, we find no error.

Around midnight on the evening of 24 July 2007, Detective David Lamberth of the Eden Police Department responded to a radio communications call for "a domestic in process in or around a dark blue vehicle at the Patrick Street/Washington Street area of Eden." When Detective Lamberth arrived, he saw a dark blue car on Washington Street. Detective Lamberth turned around to pursue the car, but defendant, who was driving it, also turned around and drove in the opposite direction down Washington Street. As Detective Lamberth followed the blue car, he observed it speed up and ultimately achieve a speed of sixty-five to seventy miles per hour. He saw the blue car run three stop signs. Detective Lamberth activated his lights and sirens after seeing defendant run the first of those stop signs. The blue car eventually crossed over a yard, spun out, and hit a fire hydrant and Detective Lamberth's cruiser. Defendant then continued

driving at approximately fifty-five miles per hour in a twenty-five mile per hour zone, ran through a fourth stop sign, and veered across the road into a residential yard. Defendant then stepped out of the car, and Detective Lamberth restrained him.

The State indicted defendant for felony speeding to elude arrest, driving while license revoked, reckless driving to endanger, driving while impaired, and being a habitual felon. A jury convicted defendant of the first four charges, and defendant pled guilty to being a habitual felon. He now appeals.

[1] Defendant first argues that the trial court erred by denying his motions to dismiss the charges of felony speeding to elude arrest, driving while license revoked, and being a habitual felon.

> Our review of the trial court's denial of a motion to dismiss is well understood. [W]here the sufficiency of the evidence . . . is challenged, we consider the evidence in the light most favorable to the State, with all favorable inferences. We disregard defendant's evidence except to the extent it favors or clarifies the State's case. When a defendant moves for dismissal, the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion.

*State v. Hinkle*, 189 N.C. App. 762, 766, 659 S.E.2d 34, 36-37 (2008) (quotations and citation omitted; alteration in original).

Accordingly, we begin with the elements of felony speeding to elude arrest, set out in N.C. Gen. Stat. § 20-141.5, which provides, in relevant part:

> (a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.

> (b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.

(1) Speeding in excess of 15 miles per hour over the legal speed limit.

* * *

(3) Reckless driving as proscribed by G.S. 20-140.

(4) Negligent driving leading to an accident causing . . . [p]roperty damage in excess of one thousand dollars ($ 1,000)[.]

(5) Driving when the person's drivers license is revoked.

N.C. Gen. Stat. § 20-141.5(a)-(b) (2009). Although there are eight aggravating factors that elevate speeding to elude arrest from a misdemeanor to a felony, the State only argued the four factors listed above. The jury had only to find that two of those four factors were present in order to convict defendant of the crime. Defendant does not challenge the sufficiency of the State's evidence as to factors (1), (3), and (4); it challenges only the sufficiency of factor (5). The State concedes that it did not present sufficient evidence to either show that defendant was driving with a revoked license for purposes of satisfying the speeding to elude arrest statute *or* to maintain a conviction for driving with license revoked.

The issue before us, then, is whether the State's failure to present sufficient evidence in support of one of four alleged aggravating factors requires us to vacate the conviction, even though the State presented sufficient evidence in support of the other three aggravating factors. In 2006, we answered this very question in the negative, albeit in an unpublished case. *State v. Owens*, 178 N.C. App. 742, 632 S.E.2d 600, 2006 N.C. App. Lexis 1648 at *6 (2006). In *Owens*, the defendant argued that the State did not present sufficient evidence of reckless driving, and, thus, the court should have dismissed the felony speeding to elude charge. *Id.* at *5. However, the defendant did not challenge the sufficiency of the State's evidence with respect to speeding or reckless driving. *Id.* We explained:

> Since defendant, in this case, has made no argument indicating that the State did not prove factors (1) and (3), and since the State was required to prove only two factors, we hold that the trial court did not err in denying his motion to dismiss for insufficiency of the evidence.

*Id.* at *6 (citation omitted). "Although many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses . . . , but are

merely alternate ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony." *State v. Funchess*, 141 N.C. App. 302, 309, 540 S.E.2d 435, 439 (2000); *see also State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986) ("Although the indictment may allege more than one purpose for the kidnapping, the State has to prove only one of the alleged purposes in order to sustain a conviction of kidnapping.") (citations omitted). Accordingly, the State need not present sufficient evidence to support every alternative way of enhancing the punishment in order to survive a motion to dismiss for insufficiency of the evidence; it need only present sufficient evidence of at least two alternatives.[1]

Because the State did not present sufficient evidence that defendant committed the crime of driving with license revoked, as conceded by the State in its brief, we vacate that conviction. However, we hold that the trial court did not err by denying defendant's motion to dismiss the charge of felony speeding to elude.

Defendant next makes two plain error arguments regarding jury instructions. As to both arguments, we find no error, plain or otherwise. "In criminal cases, a question which was not preserved by objection noted at trial . . . may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(c)(4) (2008). "Plain error is error 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Leyva*, 181 N.C. App. 491, 499, 640 S.E.2d 394, 399 (2007) (quoting *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987)).

[2] Defendant argues that it was plain error for the trial court to deviate from the pattern jury instructions' definition of "reasonable

---

1. Defendant also argues that the trial court erred by submitting the driving while license revoked aggravating factor to the jury because "it is impossible to tell which two of the four alleged aggravating factors the jury found." Here, defendant makes a good point. *See State v. Moore*, 315 N.C. 738, 749, 340 S.E.2d 401, 408 (1986) ("It is generally prejudicial error for the trial judge to permit a jury to convict upon a theory not supported by the evidence. The jury did not indicate which of the three purposes that it was allowed to consider formed the basis for its verdict. Although two of the purposes which the jury was allowed to consider were supported by the evidence, we cannot say that the verdict was not based upon the purpose erroneously submitted.") (citation omitted). However, defendant submits this argument as a rationale for holding that the trial court erred by denying his *motion to dismiss*. Defendant did not object to the jury instructions and did not assign error to them. Improper jury instructions are simply not part of this Court's criteria for reviewing a motion to dismiss and must therefore have been separately preserved and argued.

doubt," which states, "Proof beyond a reasonable doubt is proof that *fully* satisfies or entirely convinces you of the defendant's guilt." (Emphasis added.) Here, while instructing the jury, the trial court omitted the word "fully" from its definition of reasonable doubt.

> Absent a specific request, the trial court is not required to define reasonable doubt, but if the trial court undertakes to do so, the definition must be substantially correct. Where there is a specific request for a reasonable doubt instruction, the law does not require the trial court to use the exact language of the requested instruction. However, if the request is a correct statement of the law and is supported by the evidence, the trial court must give the instruction in substance.

*State v. Miller*, 344 N.C. 658, 671, 477 S.E.2d 915, 923 (1996) (citations omitted). Here, the trial court's instruction was substantially correct. The trial court's omission of the word "fully" did not constitute plain error.

**[3]** Defendant argues that it was plain error for the trial court to use the pattern jury instructions for felony speeding to elude because they contain a lower standard of knowledge than that required by the statute. The relevant portion of the trial court's instruction follows:

> For you to find the Defendant guilty of this offense the State must prove four things beyond a reasonable doubt. . . . Third, that the Defendant was fleeing a law enforcement officer who was in the lawful performance of his duties. An Eden, North Carolina police officer is a law enforcement officer with authority to enforce the motor vehicle laws. A person flees arrest or apprehension by a law enforcement officer *when he knows or has reasonable grounds to know* that an officer is a law enforcement officer, is aware that the officer is attempting to arrest or apprehend him and acts with the purpose of getting away in order to avoid arrest or apprehension by the officer.

(Emphasis added.) Defendant argues that it is improper to allow a jury to find knowledge based upon a defendant having "reasonable grounds to know" that an officer is a police officer. "[W]e agree that a defendant accused of violating N.C. Gen. Stat. § 20-141.5 must actually intend to operate a motor vehicle in order to elude law enforcement officers[.]" *State v. Woodard*, 146 N.C. App. 75, 80, 552 S.E.2d 650, 654 (2001). However, "a defendant's 'guilty knowledge' [can] be either actual or implied from circumstances[.]" *State v. Parker*, 316

N.C. 295, 303, 341 S.E.2d 555, 560 (1986) (citations omitted). Our Supreme Court has held that a defendant's reasonable belief of something equates to his implied guilty knowledge of that thing. *Id.* at 304, 341 S.E.2d at 560. Thus, the instruction in question merely allows a jury to find either actual knowledge or implied knowledge that the officer in question is a law enforcement officer and was not error.

For the foregoing reasons, we vacate defendant's conviction for driving while license revoked. However, we find that defendant otherwise received a trial free from error. Because defendant's convictions for driving while license revoked and reckless driving to endanger were consolidated for sentencing, we remand to the trial court for resentencing consistent with this opinion.

Vacated in part; no error in part.

Chief Judge MARTIN and Judge GEER concur.