**STATE v. CAMERON**

[223 N.C. App. 72 (2012)]

━━━━━━━━━━

STATE OF NORTH CAROLINA v. AHNAIH-INEZ CAMERON, Defendant

No. COA12-395

(Filed 2 October 2012)

**1. Motor Vehicles—felonious speeding to flee and elude a law enforcement officer—sufficient evidence**

**2. Motor Vehicles—felonious speeding to flee and elude a law enforcement officer—jury instructions—intent—no plain error**

The trial court did not commit plain error in a felonious speeding to flee and elude a law enforcement officer case in its jury instruction. Even if its instruction on "intent" was erroneous, it did not rise to the level of plain error given the overwhelming evidence in the case.

3. **Constitutional Law—effective assistance of counsel— felonious speeding to flee and elude a law enforcement officer—no different result**

Defendant did not receive ineffective assistance of counsel in a felonious speeding to flee and elude a law enforcement officer case. Even assuming *arguendo* that defense counsel's representation was deficient and the jury instructions were in error, in light of defendant's own testimony, there was no reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings.

Appeal by defendant from judgment entered on or about 14 September 2011 by Judge G. W. Abernathy in Superior Court, Durham County. Heard in the Court of Appeals 11 September 2012.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General James M. Stanley, Jr., for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Hannah Hall, for defendant-appellant.*

STROUD, Judge.

Defendant appeals a judgment convicting her of felony fleeing/eluding arrest with a motor vehicle. For the following reasons, we find no error.

## I. Background

The State's evidence tended to show that on 2 February 2011, while on duty, Deputy Hayden Gould of the Durham County Sheriff's Department attempted to stop a vehicle that was moving quickly and had no license plate. Deputy Gould activated his siren and lights, but the vehicle did not stop. Eventually, defendant stopped the vehicle, but after speaking with Deputy Gould, she abruptly drove away. A "high-speed chase" ensued that included 10 to 15 law enforcement vehicles following defendant on various roads and through a red traffic signal. Eventually defendant's vehicle was "boxed" in by the law enforcement vehicles at a gas station. Defendant testified at her own trial that she "t[ook] off" from Deputy Gould, a male, because she wanted a female officer. After a trial by jury, defendant was found guilty of felonious speeding to flee and elude a law enforcement officer ("fleeing"). The trial court entered judgment on defendant's fleeing conviction. Defendant appeals.

II. Motion to Dismiss

**[1]** Defendant first contends that "the trial court erred in denying Ms. Cameron's motion to dismiss. All of the evidence, including the State's own evidence, conclusively established that Ms. Cameron did not act with the specific intent of fleeing to avoid arrest." (Original in all caps.)

The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Johnson,* 203 N.C. App. 718, 724, 693 S.E.2d 145, 148 (2010) (citations and quotation marks omitted). N.C. Gen. Stat. § 20-141.5(a) provides that "[i]t shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2011). N.C. Gen. Stat. § 20-141.5(b) then lists circumstances which will elevate fleeing to a felony. *See* N.C. Gen. Stat. § 20-141.5(b) (2011).

Defendant challenges only her *intent* to elude. Defendant cites *State v. Woodard* which stated that "a defendant accused of violating N.C. Gen. Stat. § 20-141.5 must actually intend to operate a motor vehicle in order to elude law enforcement officers[.]" 146 N.C. App. 75, 80, 552 S.E.2d 650, 653, *disc. review allowed,* 354 N.C. 579, 559 S.E.2d 552, *disc. review allowed,* 355 N.C. 223, 559 S.E.2d 554 (2001), *disc. review improvidentently allowed,* 355 N.C. 489, 562 S.E.2d 420 (2002). Defendant argues that through her "exculpatory statements" "the evidence clearly establishes that the only reason Ms. Cameron fled from Deputy Gould was so that she could turn herself in to a female officer."

While defendant contends her statements are "exculpatory[,]" we do not agree since defendant's own statements confirm that she was intentionally operating the "motor vehicle in order to elude" the law enforcement officers who were chasing her. *Id.* The fact that defend-

ant preferred to be arrested by a female officer is irrelevant to determining whether defendant did in fact "intend to . . . elude[.]" *Id.; see* N.C. Gen. Stat. § 20-141.5. Defendant admittedly did intend to elude the law enforcement officers who were pursuing her, and there is no question that she "operate[d] a motor vehicle on a street, highway, or public vehicular area" and that the law enforcement officers chasing her were "in the lawful performance of [their] duties." N.C. Gen. Stat. § 20-141.5(a). The evidence demonstrates that defendant "actually intend[ed] to operate a motor vehicle in order to elude law enforcement officers[.]" *Woodard*, 146 N.C. App. at 80, 552 S.E.2d at 653. Accordingly, this argument is overruled.

### III. Jury Instructions

Defendant next contends that "the trial court committed plain error when it erroneously instructed the jury" on intent. (Original in all caps.) The trial court originally instructed the jury on felonious fleeing pursuant to the pattern jury instructions. The jury began deliberations and then sent a note that read, "Please define point three, fleeing to avoid arrest. Like to see the sheet the judge read from or at least hear it again. Is intent important on this in speeding to elude? Finally, we need the outline of the law we must apply." The trial court told the jury, "[I]ntent is not part of the operating a motor vehicle to elude arrest charge." The trial court then again instructed the jury on felonious fleeing pursuant to the pattern jury instructions. Defendant did not object to any of the instructions.

As to plain error our Supreme Court recently clarified,

> We now . . . clarify how the plain error standard of review applies on appeal to unpreserved instructional or evidentiary error. For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, ___ N.C. ___, ___, 723 S.E.2d 326, 334 (2012) (citations, quotation marks, and brackets omitted). The Court in *Lawrence* went on to conclude that although the trial court had omit-

ted one of the elements of the crime at issue in its instruction to the jury, the error did not constitute plain error in light of the overwhelming evidence against the defendant, particularly as to that element. *See id.* at ___, 723 S.E.2d at 329-35.

Thus, even if we assume that the trial court's instructions were erroneous as to intent, the error does not rise to the level of plain error. *See id.* Defendant herself admitted to fleeing from law enforcement. While defendant's testimony focuses on the reason she was fleeing, her intent to flee is unquestionably established. This is not a case of a nervous motorist taking a moment longer than necessary to stop for an officer in order to pull into a well-lit or populated parking lot to stop instead of stopping on a dark or empty highway; here, not only did defendant intentionally drive away from Deputy Gould after stopping, she did so at a high rate of speed while committing traffic violations and seriously endangering herself, many law enforcement officers, and anyone else on the road along the way. Accordingly, we do not find plain error. *See id.* This argument is overruled.

IV. Ineffective Assistance of Counsel

[3] Lastly, defendant contends that she received ineffective assistance of counsel as her attorney did not correct the trial court regarding its mistake in the jury instructions.

> The United States Supreme Court has enunciated a two-part test for determining whether a defendant received ineffective assistance of counsel. Under the *Strickland* test, for assistance of counsel to be ineffective:
>
> > First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
>
> This test was adopted by the North Carolina Supreme Court in *State v. Braswell*, 312 N.C. at 562, 324 S.E.2d at 248. The first element requires a showing that counsel made serious errors; and the latter requires a showing that, even if counsel made an unreasonable error, there is a reasonable probability that, but for

counsel's errors, there would have been a different result in the proceedings.

When counsel's performance is subjected to judicial scrutiny on appellate review, this Court must be highly deferential and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Defendant may rebut this presumption by specifically identifying those acts or omissions that are not the result of reasonable professional judgment and the court determining, in light of all the circumstances, the identified acts were outside the wide range of professionally competent assistance.

*State v. Banks*, ___ N.C. App. ___, ___, 706 S.E.2d 807, 820-21 (2011) (citations and quotation marks omitted). Even if we assume *arguendo* that defendant's "counsel's representation was deficient" and the jury instructions were in error, for the same reasons as noted above, in light of defendant's own testimony, we cannot conclude that "there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Id.* This argument is overruled.

## V. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Chief Judge MARTIN and Judge GEER concur.