IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-922

Filed 20 June 2023

Johnston County, Nos. 20CRS055301-2

STATE OF NORTH CAROLINA

v.

BRITTANY MICHELLE JACKSON

Appeal by Defendant from judgment entered 7 March 2022 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 25 April 2023.

*Attorney General Joshua H. Stein, by Assistant Attorney General Rana M. Badwan, for the State-Appellee.*

*Stephen G. Driggers for Defendant-Appellant.*

COLLINS, Judge.

Defendant Brittany Michelle Jackson appeals from judgment entered upon jury verdicts of guilty of misdemeanor possession of marijuana and misdemeanor fleeing to elude arrest with a motor vehicle. Defendant argues that the trial court erred by denying her motion to dismiss the charge of fleeing to elude arrest because the State presented insufficient evidence that she had the specific intent to elude arrest. We find no error.

## I. Background

On 28 October 2020, Defendant attended a barbeque with her son at an apartment complex in Selma, North Carolina. Around 7 pm, Defendant left the complex to drive another individual to the store. Selma Police Detective Justin Vause and Officer Joseph Atkinson were parked in a marked police vehicle where they could "watch the duly regulated stop sign" leading out of the apartment complex. Vause watched Defendant drive through the stop sign at 10 miles per hour without braking and began to follow her. Vause pulled in behind her and activated his lights and sirens to conduct a traffic stop. Defendant "made an abrupt turn" onto another street and "went into the oncoming lane and continued to travel in the oncoming lane of travel." "At that time[,] the vehicle turned on its hazard lights and increased its speed" from a very slow speed to about 35 to 40 miles per hour in a residential area marked as a 25 mile-per-hour zone.

Defendant called 911 as she put her hazard lights on. She did not initially stop because she did not know the area and did not know if the marked car behind her was an "actual police officer." During the 911 call, the operator told Defendant that it was a police officer in the car behind her.

Defendant kept driving and then made an abrupt right turn onto a different street, turning into the oncoming lane of light traffic. She continued to travel in the oncoming lane. Defendant then made another right turn onto a different street and continued to maintain a speed over the legal limit; she only "slow[ed] down enough to

make [the vehicle's] turn" and "then [she] increase[d] its speed back up." Defendant did not stop for the posted stop signs at either turn. During the pursuit, Defendant and Vause passed several well-lit areas including a church, fire station, EMS station, and civic center.

Defendant made a final right turn and traveled back towards the apartment complex for approximately one mile with "numerous patrol vehicles behind" her. Defendant's speed remained above the speed limit, fluctuating between 30 to 45 miles per hour in the 25 mile-per-hour residential zone. When Defendant made the final right turn, Vause saw that "the passenger window was down, and at that time, there [were] objects being thrown out of the vehicle." Vause then smelled an overwhelming odor of marijuana in his patrol vehicle.

Upon arrival at the apartment complex, Defendant parked in the "very back" area of the complex. Vause parked, exited his vehicle, approached the driver's side, and commanded Defendant to get out of the car. Defendant did not comply. Vause "beat on the window to tell [Defendant] to open the window" and tried "to open the door and the door was locked." After a few moments, Defendant opened the door and Vause was able to remove Defendant from the vehicle. Defendant was "belligerent," "argumentative," and "jumping in [Vause's] face," and Vause placed Defendant in handcuffs. As Defendant was being placed under arrest, around 50 to 60 people gathered at the scene. Defendant continued to be argumentative and "act out" as Vause placed Defendant inside his patrol car; Defendant then unrolled the patrol

car's window with her foot and shouted at the group of people to provoke the crowd. Vause and a female officer put Defendant in leg shackles to keep her from rolling any windows down and from further provoking the crowd.

On 7 December 2020, Defendant was indicted for possession with intent to manufacture, sell, or distribute marijuana; possession of marijuana paraphernalia; and felony fleeing to elude arrest with a motor vehicle.[1] The case came on for trial on 28 February 2022. After the State's evidence and again after all the evidence, Defendant moved to dismiss the charge of felony fleeing to elude arrest for insufficient evidence. The trial court denied the motion.

The jury found Defendant not guilty of possession of marijuana paraphernalia but guilty of misdemeanor possession of marijuana and misdemeanor fleeing to elude arrest with a motor vehicle. Defendant was sentenced to 30 days' imprisonment; the trial court then suspended the sentence and placed Defendant on 12 months' supervised probation. Defendant gave notice of appeal in open court.

## II.    Discussion

Defendant argues that the trial court erred by failing to dismiss the charge of fleeing to elude arrest with a motor vehicle because the State failed to present

---

[1] N.C. Gen. Stat. § 20-141.5(a) provides that a violation of the section constitutes a Class 1 misdemeanor. However, N.C. Gen. Stat. § 20-141.5(b) provides that, if two or more aggravating factors are present at the time the violation occurs, a violation of the section shall be a Class H felony. These aggravating factors include, inter alia, reckless driving as proscribed by N.C. Gen. Stat. § 20-140 and driving when the person's driver's license is revoked. N.C. Gen. Stat. § 20-141.5(b)(3), (5) (2022). These two aggravating factors were listed on Defendant's indictment.

sufficient evidence of Defendant's intent to elude arrest.

## A. Standard of Review

"In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Golder*, 374 N.C. 238, 249, 839 S.E.2d 782, 790 (2020) (citations omitted). "Substantial evidence is [the] amount . . . necessary to persuade a rational juror to accept a conclusion." *Id.* (citations omitted). "In evaluating the sufficiency of the evidence to support a criminal conviction, the evidence must be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." *Id.* at 249-50, 839 S.E.2d at 790 (quotation marks and citations omitted). We disregard a defendant's evidence except to the extent it favors or clarifies the State's case. *State v. Graves*, 203 N.C. App. 123, 125, 690 S.E.2d 545, 547 (2010) (citation omitted). "Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal." *State v. Gibson*, 342 N.C. 142, 150, 463 S.E.2d 193, 199 (1995). "Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *Golder* 374 N.C. at 250, 839 S.E.2d at 790 (citations omitted).

## B. Discussion

N.C. Gen. Stat. § 20-141.5(a) provides, "It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or

attempting to elude a law enforcement officer who is in the lawful performance of his duties." N.C. Gen. Stat. § 20-141.5(a) (2022). "[A] defendant accused of violating N.C. Gen. Stat. § 20-141.5 must actually intend to operate a motor vehicle in order to elude law enforcement officers . . . ." *State v. Woodard*, 146 N.C. App. 75, 80, 552 S.E.2d 650, 654 (2001). "Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. McDaris*, 274 N.C. App. 339, 344, 852 S.E.2d 403, 407-08 (2020) (citation omitted).

Considered in the light most favorable to the State, the evidence tends to show the following: Defendant ran a stop sign after leaving the apartment complex. Vause pulled in behind Defendant and Defendant saw Vause turn on his vehicle's emergency equipment. She abruptly turned right onto a different street, traveling into the oncoming lane of travel. Defendant then increased her speed, drove 10 to 15 miles per hour above the posted 25 mile-per-hour speed limit, made a series of abrupt right turns, drove through several stop signs, again swerved into the oncoming lane, and passed several well-lit areas in a residential neighborhood, including a fire station and an EMS station. During Vause's pursuit, marijuana was thrown out of the car that Defendant was driving. When Defendant pulled over, she initially refused to comply with Vause's commands to roll her window down and open her door, and then was combative with the officers and tried to provoke the crowd that had formed at her arrest. After arrest, she continued to provoke the crowd by rolling down the patrol car's window and shouting.

"This is not a case of a nervous motorist taking a moment longer than necessary to stop for an officer in order to pull into a well-lit or populated parking lot to stop instead of stopping on a dark or empty highway[.]" *State v. Cameron*, 223 N.C. App. 72, 76, 732 S.E.2d 386, 389 (2012). The State's evidence is substantial evidence tending to show Defendant intended to evade officers. *See id.* (evidence that defendant intentionally drove away from a law enforcement officer "at a high rate of speed while committing traffic violations and seriously endangering herself, many law enforcement officers, and anyone else on the road along the way" was sufficient to survive a motion to dismiss). Accordingly, the trial court properly denied Defendant's motion to dismiss.

## III. Conclusion

As the evidence, viewed in the light most favorable to the State, is substantial evidence of each element of the crime of fleeing to elude arrest, the trial court did not err by denying Defendant's motion to dismiss.

NO ERROR.

Judges TYSON and RIGGS concur.